NEW-YORK,
May, 1828.

Mumford
v.
Brown.

---

### MUMFORD *vs.* BROWN.

A tenant in common, hiring the share of his co-tenant, and continuing in possession at the expiration of the term, doing no act to prevent the co-tenant from occupying with him, is not liable to double rent as holding over, tho' notice to quit has been given.(*a*)

ERROR to the Cayuga common pleas. This was an action under the statute for double rent against a tenant holding over after notice to quit. (1 *R. L.* 440, *s.* 21.) The suit was originally commenced before a justice, by Mumford against Brown, and a recovery had for $25. The defendant appealed to the common pleas; and, on the trial of the cause, the plaintiff was nonsuited, the court being of opinion that the plaintiff was not entitled to recover. A bill of exceptions was tendered and sealed, which, with the record, was now brought into this court on a writ of error.

The parties were tenants in common of a house and village lot. The defendant, for the sole occupation of the premises for one year from the first day of April, 1825, agreed to pay the plaintiff the sum of $30, as rent. On the 22d March, 1826, the plaintiff caused a notice to be served on the defendant, requiring him to deliver up the possession of the plaintiff's moiety of the premises to his brother, S. D. Mumford, who, he stated, was authorized to receive the same. After the service of the notice, and previous to the first day of April, 1826, the defendant informed the agent that he surrendered the plaintiff's half of the premises, and pointed out the front part of the house as that which he gave up. The agent refused to accept the same, and told the defendant that he would not act as the agent of the plaintiff. The plaintiff proved that the defendant continued in possession of the premises from the first of April to the first of September, 1826, for which length of time he claimed double rent, and for which he had recovered before the justice.

---

(*a*) In *Cutting* v. *Derby*, 2 *Black. Rep.* 1075, 7, a similar action was sustained; but in that case, the defendant, at the expiration of his term, not only refused to surrender, but actually turned the plaintiff's cattle out of the premises.

*By the Court,* SAVAGE, Ch. J.    That this action lies by one tenant in common against another, has been decided in England.    That point does not, however, necessarily arise, as the facts in my judgment do not warrant the action.    A few days previous to the expiration of the term, the plaintiff's agent called with a written demand of the possession.    Before the term expired, the defendant offered possession of half, which was all the plaintiff demanded or was entitled to.    The agent refused having any thing to do with it.    The defendant remained in possession, as he had a right to do, unless the plaintiff came to receive possession.    They were tenants in common.    The defendant certainly offered to give possession, and did not act at variance with that offer.    He was not bound to abandon the possession, nor to make partition and occupy one half.    His possession of the whole was lawful, as he did not prevent his co-tenant from occupying with him.    The court below decided correctly.