NEW-YORK,
May, 1833.

McKay
v.
Mumford.

</div>

Motion for new trial denied.

----

## McKay & Blakeslee *vs.* E. & W. Mumford.

A *tenant in common* of real estate, who takes a lease of the moiety of his co-tenant for a term, subject to a specified rent, and continues in possession of the premises after the expiration of the term, will not be considered as *holding over* under the lease, and thus liable in an action of assumpsit for *use and occupation ;* the presumption of law being that he is in possession under *his own title*, and such presumption will prevail, unless there be evidence that he holds *as tenant* to his co-tenant.

This was an action of *assumpsit*, tried at the Livingston circuit in February, 1831, before the Hon. ADDISON GARDINER, one of the circuit judges.

The plaintiffs and E. Mumford, one of the defendants, were *tenants in common* of a grist-mill, the plaintiffs owning one moiety and E. Mumford the other moiety. On the 25th November, 1824, the plaintiffs executed to E. & W. Mumford a lease of the moiety of the mill owned by the plaintiffs, for the term of *nine months*, at a rent of $375. The defendants continued in possession of the whole mill until the 16th September, 1826. The plaintiffs then entered into the occupation of one half of the mill, and brought this action, claiming to recover of the defendants for the *use and occupation* of the mill, from the expiration of the lease until the entry by the plaintiffs, a compensation graduated by the amount of rent specified in the lease for the term therein mentioned, i. e. at the rate of $500 per year. There was some slight testimony of an unwillingness on the part of E. Mumford to yield to the plaintiffs the possession of their moiety of the mill. The judge charged the jury that the liability of the defendants depended upon the fact whether they did or did not hold the *exclusive possession* of the mill after the expiration of the lease ; that the continuance of E. Mumford in possession of the premises, subsequent to the

expiration of the lease, was the possession of the plaintiffs, unless he had intimated that he should hold possession against the plaintiffs, and that even in such case the plaintiffs were entitled to recover ; and instructed the jury that if the possession of the defendants was exclusive, or if they, the jury, believed that E. Mumford did not, after the expiration of the lease, occupy as *tenant in common* with the plaintiffs, they must find for the plaintiffs, who in such case would be entitled to recover $701,68, the amount of their demand, estimating the compensation for the use and occupation of the mill at the rate of $500 per year, and including in that sum the interest. The jury found a verdict accordingly for $701,68, and the defendants now move for a new trial.

*Greene C. Bronson*, (attorney general,) for the defendants.

*J. C. Spencer*, for the plaintiffs.

*By the Court*, NELSON J.   The judge erred in his charge to the jury, from a misapprehension of the opinion pronounced by this court on the granting of a new trial in this case.   It was supposed that opinion contained the doctrine that, *to sustain the* action for *use and occupation* as between these parties, there must be evidence of a refusal by the defendants to yield possession to the plaintiffs of their moiety, or of an intention on their part to hold exclusive possession.   No such principle was intended to be advanced.   The case of *Mumford* v. *Brown*, 1 *Wendell*, 52, was cited to illustrate the rights existing between co-tenants as to the possession of their estate.   It decides that a tenant in common, holding over after the expiration of a lease of the moiety from his co-tenant, is not liable to double rent under the statute, if, when demand of possession of the moiety is made, he offers to deliver it to his lessor ; as that is all the lessor is entitled to, the tenant has still a right to continue possession under his own title.   The case of *Mumford* v. *Brown*, merely shews the application of the undeniable principle that each tenant is entitled to the possession of the estate, and it was hence argued that the continuance of *A. H. Mumford* in possession of the mill after the expiration of the lease, nothing else appearing, did not, as in cases where tenants have no in-

terest in the fee, necessarily imply that he was holding under the terms of the lease, or as tenant to the plaintiff. Where the termination of the lease is certain, the relation of landlord and tenant ceases in all cases at the expiration of the lease, unless there is evidence of an assent to its continuance. This is obvious from the fact, that notice to quit is not necessary in such cases, 8 *East,* 358 ; and the tenant is so far a trespasser, that ejectment and trespass for mesne profits will lie against him. If, after the expiration of the term, the landlord recognizes the relation of landlord and tenant to exist, then undoubtedly the tenant would be considered as holding from year to year, and would be entitled to notice to quit. 8 *East,* 358. 1 *T. R.* 159. *Woodfall,* 164. As to a tenant who has no title, except by the lease under which he enters, if he continues after its expiration, his possession, in contemplation of law, is in subordination to the landlord's rights, because the law will not presume him disloyal. But no such presumption exists against the tenant in common. The fact of his not leaving possession does not authorize the inference that he still intends to hold under the lease ; on the contrary, the presumption is that he holds under his own title, which gives him a right to the possession and enjoyment of the whole estate, liable however to account to his co-tenant at law, 1 *R. S.* 90, or in equity, 8 *Cowen,* 304. This presumption of possession by virtue of his own title may undoubtedly be rebutted, and then he would hold, as to the moiety of his co-tenant, as any other tenant, and subject to the same rules of law ; but evidence that E. Mumford intended or avowed his intention to hold in defiance of the plaintiffs and in exclusion of their rights, does not rebut the presumption that he holds under his own title ; it confirms it. The charge of the judge, therefore, in this respect, was erroneous. There should be evidence shewing, either expressly or impliedly, a recognition of the holding after the term *as tenant to the plaintiffs,* or, in other words, an intention to hold under the agreement or with the assent of the plaintiffs, and not merely a possession entirely consistent with his common law rights.

New trial granted.