By the Court,

Savage, Ch. J.
The decisions of the judge are a correct exposition of the statute. The object of the statute is to furnish to the landlord a more expeditious remedy to recover possession of the demised premises than he could have by the action of ejectment. In that action, the general rule is, that any person who holds possession of land by the permission of the owner, shall not be removed from that possession without a regular notice to quit; and for the purpose of such notice to quit, tenancies at will are construed into tenancies from year to year. This is the common law remedy. The great delay consequent upon this mode of proceeding was the evil complained of, and for which the statute affords a remedy. The principle assumed by the statute is, that the tenant, whose term expires on a day certain, must surrender possession on that day; and if he refuses, that the landlord may proceed without delay to obtain the possession. The legislature provide for tenants at will and sufferance, that their tenancy shall be terminated by a notice before they can be removed ; the reason is, because, without notice, their tenancy does not terminate on a day certain.
The plaintiff in error contends that he was tenant at sufferance, and therefore entitled to notice, and that he was such tenant, because he remained in possession after the termination of his lease for one year. “ An estate at sufferance is where one comes into possession of land by lawful title, but keeps it after-wards without any title at all: as if a man takes a lease for a year, and after the year is expired, continues to hold *the premises without any fresh leave from the owner of the estate.” 2 Black. Comm. 150. 4 Kent’s Comm. 110, 116. There is no privity of estate between a tenant at sufference and the owner of the land ; for this tenant only holds by the laches of the owner. Idem. 1 Cruise, 288.
Before the statute of 1820, of which the presentís a revision, and in some respects a modification, the owner might turn out the tenant at sufferance, and he was remediless. 1 Johns. Cas. 124. At the common law, the owner might enter and oust the tenant, 2 Black. Comm. 150; but before entry, he could not maintain an action of trespass as against a stranger; and the reason is, that being once in by a lawful title, the law will suppose the continuance of his possession, unless the owner, by some public act like entry, declare his continuance wrongful. A tenant at will, it will be recollected, acquires the *621 possession by the consent of the owner; and this estate may arise by implication, as by holding over and payment of rent. The acceptance of the rent creates an estate at will, and converts an estate at sufferance into an estate at will, or a tenancy from year to year. An estate at sufferance is an estate created not by the consent, but by the laches of the owner. It seems to follow, that without laches on the part of the owner or landlord, there can be no estate by sufferance. What laches are sufficient to create this estate, is a question I do not find discussed or decided. In case of a tenancy for a year, is the landlord obliged in all cases to give notice to the tenant of BO days before he can institute proceedings against him 1 This would seem to follow from the argument of the plaintiff’s counsel; and yet such a proposition would not be distinctly contended for. The object of the notice is to terminate the tenancy at will or sufferance : to inform the tenant when his term expires ; in other words, when he must quit the possession. In case of a tenancy for a year, the lease contains the information, and the statute does not require any other notice ; but if, at the same moment when the year expires, the estate at sufferance begins, this notice must be given, or the proceedings must be immediately commenced. The notice to quit in such case terminates the tenancy, and that is its only effect. “ At the expiration of one month, the landlord may re-enter, or *maintain ejectment, or proceed in the manner
prescribed by law to remove such tenant, without any further or other notice to quit.” 1 R. S. 745, § 9. At the expiration of the 30 days, then the landlord is precisely in the situation he is at the end of the year, when the holding is for a year. Suppose he omits to commence proceedings for 30 or 60 days, must he give notice over again, and so on toties quoties ? The expiration of the notice is equivalent to the expiration of a lease, and that is all. At the expiration of the notice or lease, the parties stand in some relation to each other; and when the possession is continued without the consent of the landlord, the law says the person in possession is tenant at sufferance. But for the purpose of giving this statute a fair construction and beneficial operation, no notice should be held necessary, unless the landlord has unnecessarily delayed his proceedings ; and the object of the legislature will be best promoted by holding that such notice is not necessary, unless the landlord has permitted the tenancy at sufferance to continue for such a length of time as to imply assent. 10 Wend. 353. Tenancies at will are construed tenancies from year to year. In allusion to this well established doctrine, it was said in Jackson v. Salmon, 4 Wendell, 327, that a tenant for a year holding over is tenant from year to year; not that he is technically so, but for the purpose of notice to quit, which was the only point of view in ■which the subject was there considered. Suppose, for instance, the landlord chooses not to proceed under the statute, but to recover by action of ejectment, he must give his tenant, from year to year, six months notice, and the notice must expire with the year. As has been before remarked, the object of the statute was to enable landlords to obtain possession of their lands without useless delay. Under the circumstances of this case, a delay, to be justly called laches, must be of longer continuance than three months, (the time which elapsed between the end of the year and the commencement of these proceedings,) and should, I apprehend, be accompanied with some evidence of negligence. In this case it appears the landlord endeavored to obtain possession without a resort to coercive proceedings, but was unsuccessful. There was nothing like acquiescence on his part.
*The judge decided correctly in rejecting proof to show that the defen *622 riant was tenant in common; by taking a lease under the plaintiff’s title, he admitted that title, and cannot controvert it; he must surrender the possession, and then may bring his action.
But Lytle was not the proper person to bring the suit; Webster’s interest had not ceased by the surrender and cancelling of his lease. Lewis v. Payn, 8 Cowen, 71, has been quoted to show that the cancelling a deed does not divest the estate. That was a case of fraudulent cancelling by one party only, and there he would have lost his estate but for a counterpart; this is a case of a voluntary cancelling an instrument between the parties to it, no other person having acquired any rights under it which were then in existence. That such a cancelling does not put an end to the estate created by the instrument, is the necessary consequence of the statute of frauds. The revised laws of 1813, 1 R. L. 78, § 10, declared that no leases, estates or interests, either of freehold or terms for years, shall be assigned, granted or surrendered, unless it be by deed or note in writing, signed by the party or his agent, or by act and operation of law. The act of 1801 was in the same language as the act of 1813. 1 Kent & Rad. 79, § 10. The revised statutes of 1830 are the same. The acts of 29 Charles 2, was the same. Under that statute it was held that a lease for years cannot be surrendered by cancelling the instrument, without writing; the intent of the statute was put to an end to the transferring interest in lands by symbols and words only. Woodfall, 134, 5. 4 Bacon’s Abr., Leases, 210. The words in the statute, by act and operation of law, mean a surrender in law, by taking a new lease, to begin presently or during the continuance of the first. See 6 East, 86, 90, 101. The case of Jackson v. Gardner, 8 Johns. R. 394, was decided upon the statute of 1801, and it ■was there held that the plaintiff might recover upon an old lease, which-had been surrendered by parol, and a new lease taken ; but that after sixteen years possession under the second lease, the party should not recover any more than he could prove with absolute certainty was covered by the old lease, which had been thus surrendered. It was conceeded that the interest of the lessee was not *divested, but the court said every presumption ought to be turned against ^ party setting up a claim under a lease so surrendered up. In the present case, Lytle had parted with his interest for eight years ; and without being revested with the right to the possession, could not legally institute these proceedings. The plaintiff here must recover upon the ■strength of his own title, not upon the absence of title in the defendant. The parol surrender conveyed nothing, and Lytle’s proceedings were not sustained by it; he showed the title to the possession to be in Webster, where, in contemplation of law, it still remains.
Proceedings reversed.