HENRY C. VALENTINE, Plaintiff, v. WARREN M. HEALEY and Another, Defendants.

*Landlord and tenant — an owner in fee of an undivided portion of premises, under a lease from himself and his co-owner, holding over as a tenant.*

Upon the trial of an action it appeared that the plaintiff Valentine and the defendant Healey were the owners of certain premises in the city of New York, which they leased to a firm, of which Healey was a member, by a written lease for the term of one year, at a yearly rent therein reserved, with the privilege of renewal for two years. Healey & Co. went into possession under said lease, and continued in possession of the premises for some time after the termination of the lease, although the lease was not renewed.

In an action brought by Valentine to recover rent which accrued after the termination of said lease,

*Held,* that although Healey was a part owner of the premises it was not to be presumed that he remained in possession as a part owner, and not as lessee, and that the plaintiff was entitled to treat the lease as renewed.

MOTION by the plaintiff, Henry C. Valentine, for a new trial upon a case containing exceptions ordered to be heard at the General Term in the first instance, upon the dismissal of the complaint directed by tha court after a trial at the New York Circuit before the court and a jury on the 24th day of January, 1895.

*William A. Butler*, for the plaintiff.

*Robert Thorne*, for the defendants.

VAN BRUNT, P. J. :

The plaintiff and the defendant Healey are the owners of premises, situated in West Forty-third street in the city of New York, as tenants in common, the plaintiff being the owner of three undivided fourths thereof and the defendant Healey being the owner of one undivided fourth.

In May, 1891, the defendants Healey and Zabriskie were co-partners in business under the firm name of Healey & Co. in a limited partnership, the said defendants being the general partners and one Williams the special partner. In said month the plaintiff and the defendant Healey as parties of the first part leased the premises in question to said firm of Healey & Co. by an indenture of lease under seal for the term of one year from the 1st of May, 1891, at the yearly rent of $8,500, payable quarterly as follows, namely : To the plaintiff $1,593.75 and to the defendant Healey $531.25, with privilege of renewal for two years at $7,000 per year. The lease contained the usual covenant that at the expiration thereof the lessees would quit and surrender the premises in good order. Healey & Co. went into possession under said lease, but did not quit the premises on the 1st of May, 1892; nor was the lease renewed, but they held over and remained in possession for some time thereafter.

This action was subsequently brought to recover a quarter's rent as falling due on the 1st of August, 1892, the plaintiff claiming that by such holding over the defendants had elected to continue their tenancy for another year. Upon the trial the court held that the defendant Healey being a part owner of the premises, it was to be presumed that he remained in possession with his partner as owner and not as lessee, and that, therefore, the remaining in possession did not entitle the plaintiff to treat the lease as renewed for another year, and dismissed the complaint.

This ruling of the court is claimed to be supported by the cases of *Mumford* v. *Brown* (1 Wend. 53); *McKay* v. *E. & W. Mumford* (10 id. 351); *Dresser* v. *Dresser* (40 Barb. 300) and *Wilcox* v. *Wilcox* (48 id. 329). The tenor of these cases seems to be that where a tenant in common is in exclusive possession of the common property by virtue of his own title, unless he actually excludes his co-tenant, he is not liable to such co-tenant even for use and occupation. Thus, when a tenant in common had accepted a lease from

his co-tenant of such co-tenant's interest in the property and held possession of the whole property after the expiration of the lease, he is to be deemed in possession by virtue of his own title rather than to be in possession as holding over under the lease.

A different rule seems to have been established in England. (*Leigh* v. *Dickeson*, L. R. [12 Q. B. Div.] 194.) In that case and the cases therein cited it seems to be expressly held that a tenant in common may maintain an action for use and occupation against his co-tenant where the obligation to pay rent has been created by a lease.

We think, however, that the authorities cited from this State are opposed to this rule, and they, of course, must be followed. No case, however, has been cited where a party has gone into possession under a lease of the whole of the premises, including his share and that of his co-tenant, and he has held over, which decides that he is to be deemed to be in possession because of his own title and not under the lease. The lease in question in the case at bar was of the whole of the premises, executed by both tenants to a firm, and such firm, including the tenant in common, admit that they went into possession under that lease and held possession under that lease. There was no claim or pretense of going into possession because of any title, except that derived from the lease. Now, it being conceded and admitted by the pleadings that the possession was of this character, where is there any room for an assumption when the tenants hold over, that they are in possession because of any other title than that of lessees? There is no pretense that any other title has been acquired since the execution of the lease, or that any other rights have devolved upon the defendants or either of them. It would seem, under such circumstances, that the ordinary rule in reference to holding over must necessarily apply. It would have been entirely different if Healey or his firm had accepted a lease of only the plaintiff's interest in this real estate, and if Healey had been in possession of the real estate because of his own title, and had not entered under the lease. In the case at bar, however, it would seem that possession was acquired under the lease and the premises were held under the lease, and no part of the same were claimed by the defendant Healey because of his ownership. We think that this fact calls for the application of the ordinary rule obtaining in those

cases where a tenant holds over, and that the distinction to which attention has been called between the case at bar and the cases cited to support the ruling of the court below is substantial, and should not be overlooked.

We think, therefore, that the exceptions should be sustained and a new trial granted, with costs to the plaintiff to abide the event.

FOLLETT and O'BRIEN, JJ., concurred.

Exceptions sustained, new trial granted, with costs to plaintiff to abide event.