(1 App. Div. 502.)

## VALENTINE v. HEALEY et al.

(Supreme Court, Appellate Division, First Department. February 7, 1896.)

1. PLEADING—AMENDMENT—DISCRETION.
   It is within the discretion of the court to refuse amendment of an answer, in an action for rent, by striking out an admission that defendant went into possession under the lease.

2. LEASE—POSSESSION OF TENANTS.
   A lessee's possession after taking a lease is under it, though he was theretofore in possession of it.

3. TENANCY IN COMMON—LEASE FROM COTENANT—HOLDING OVER.
   Where tenants in common lease their property to a firm of which one of them is a member, the lease providing that rent shall be payable to each of the lessors in proportion to their interests in the property, the legal effect of a holding over by the firm cannot be changed, as regards the rights of the lessor not in the firm, by the other giving the firm permission, before the expiration of the term, to remain in possession for a short time after such expiration, paying pro rata rent for the period of such occupancy.

Appeal from circuit court, New York county.

Action by Henry C. Valentine against Warren M. Healey and others. From a judgment on a verdict directed for plaintiff, defendants appeal. Affirmed.

The action was brought to recover rent under a lease. The real property leased was owned by plaintiff and defendant Healey as tenants in common. May 30, 1891, these owners joined in a lease of the property to defendants, who were copartners, and one of whom, Healey, was a part owner of the property. The lease was for one year, at a yearly rent of $8,500, payable quarterly, three-fourths to the plaintiff and one-fourth to defendant, with the privilege to the lessees of a further term of two years, at $7,000 a year, on their giving notice in writing to each of the lessors, and signing and executing agreements with such lessors on or before February 1, 1892. The lessors covenanted to pay the rent to plaintiff and defendant Healey, and the assigns of each, and at the expiration of the term to quit and surrender the possession of the property. The lease contained other provisions usually in leases, which do not appear to be important here. The complaint alleged, and the answer admitted, that the defendants went into possession of the property under the lease May 30, 1891, and remained in possession pursuant to such agreement until May 30, 1892, and that they continued and remained in possession of the property after the expiration of the term of one year. The plaintiff proved that the defendant occupied the property for the purpose of the manufacture and repair of carriages, and that their occupancy was substantially the same after as before May 30, 1892. The defendants moved to amend their answer by striking out the admission that they went into possession under the lease, and by inserting an allegation putting that fact in issue. The evidence showed that they were in possession before the lease was made. This motion was denied, and the defendants excepted. The defendants proved, and offered in evidence, two letters, constituting the correspondence between the defendant

Healey and his firm, bearing date April 29, 1892, wherein the firm notified Healey that they had not exercised the option, and would not renew the lease, but would like to continue occupying the property a few weeks after the expiration of the term of one year, paying pro rata rent for such use and occupation. Healey replied that they were at liberty to occupy the property at a pro rata rent for the period of such occupancy, and that this privilege was accorded to them only with the understanding and agreement that such occupancy should be terminated on a week's notice from either party, so as to permit a lease for the full year to other parties, if desired. These letters were excluded, under the objection that they were immaterial, irrelevant, and incompetent, and the defendants excepted. Defendants also made a motion for a nonsuit, and for a direction of a verdict for the defendants. Both these motions were denied, and defendants excepted. On motion of the plaintiff, a verdict was ordered for the plaintiff for the amount of his share of the rent, and the defendants excepted. From the judgment entered on this verdict, this appeal is taken.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and INGRAHAM, JJ.

Robert Thorne, for appellants.
William Allen Butler, for respondent.

WILLIAMS, J. This case has twice been tried. On the former trial the complaint was dismissed, on the ground that, Healey being a part owner of the property, it was to be presumed that he remained in possession after the term of one year with his partner, as part owner, and not under the lease, and, therefore, remaining in possession did not entitle the plaintiff to treat the lease as renewed for another year. Upon a motion for a new trial on a case and exceptions, ordered to be heard in the first instance at the general term, the exceptions were sustained, and a new trial ordered. 86 Hun, 259, 33 N. Y. Supp. 246. We see no reason for dissenting from the conclusion there arrived at.

There remains only for us to consider the questions as to the proposed amendment of the answer, and the exclusion of the correspondence between the defendant Healey and his firm. The allowance or disallowance of the amendment to the answer was a matter in the discretion of the trial court, and it does not seem to us there was any abuse of such discretion. Whether the defendants were in possession of the property before the lease was made was immaterial. They made the lease, and from that time on, it being a lease of the whole property, they assumed to be, and were, in possession under the lease, and that alone, during the term of one year. The lease established the relation of landlord and tenant, and they could not be in possession under any other claim during the term of the lease. They admitted this in their answer, and such admission stood, until after the decision of the general term, and an amendment on the second trial was very properly denied. The correspondence between the defendant Healey and his firm was properly excluded. It was immaterial, and, if admitted, would not have changed the result. The firm letter to Healey was, in effect, a notice that the lessees would not renew the lease, and a statement that they desired to remain in the occupancy of the property a few weeks after the expiration of the term of one year, paying rent for the ac-

tual time the occupancy continued.    The notice that the lessees would not renew the lease, even if it had been given to both lessors, would not, of itself, have avoided the legal effect of the holding over beyond the term.    Schuyler v. Smith, 51 N. Y. 309; Haynes v. Aldrich, 133 N. Y. 287, 31 N. E. 94.    The letter of Healey was a consent that the lessees might hold over, as desired by them, and if he had power to bind the plaintiff by such consent, then the ordinary legal effect of the holding over was avoided, and this action could not be maintained.    It is not claimed that the plaintiff had any knowledge of this correspondence.    The lease, by its terms, made the rent payable to each of the tenants in common, according to their respective interests in the property.    Healey was not authorized to act for plaintiff, as his agent or otherwise, and the consent could not be operative as plaintiff's consent in any way.    The only theory upon which it can be claimed that this consent of Healey's avoided the legal effect of a holding over is that he was a tenant in common with plaintiff, as owner of the property, and, being such tenant in common, he could give his firm the right, outside of the lease, to remain in the occupancy of the property.    At the time this consent was given, however, he was, as we have seen, not in possession or occupancy as owner, but merely as tenant under the lease, as a member of his firm.    Such was the relation assumed by him and his firm in taking the lease, and they could not change this relation during the term so as to affect the plaintiff's rights under the lease, without his knowledge or consent.    It cannot be said that Healey, by his consent given before the expiration of the term, could avoid the legal effect of the holding over, when we hold that the legal effect of the holding over was not avoided by reason of Healey's being a member of the firm, lessees, who held over.

We are of the opinion that the judgment should be affirmed, with costs.    All concur.