HENRY C. VALENTINE, Respondent, *v.* WARREN M. HEALEY et al., Appellants.

TENANTS IN COMMON — LEASE OF COMMON PROPERTY TO A FIRM OF WHICH ONE OF THE TENANTS IN COMMON IS A MEMBER — HOLDING OVER. Where a tenant remains in possession after the termination of his lease, the landlord may at his option hold him as a tenant for another year upon the terms of the prior lease, but this rule does not apply to a case where the tenant holding over is a tenant in common owning an interest in the premises; he may, therefore, as such tenant in common and in

opposition to his co-tenant, permit a firm of which he is a member, and which had a lease of the premises for a year, to continue in possession temporarily without subjecting it to the liabilities that ordinarily obtain where a tenant holds over.

*Valentine* v. *Healey*, 77 App. Div. 635, reversed.

(Argued March 18, 1904; decided May 3, 1904.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 27, 1903, reversing a judgment in favor of defendants entered upon a dismissal of the complaint by the court at a Trial Term and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Elihu Root* and *Robert Thorne* for appellants. Upon the termination of the lease Mr. Healey had a right to assume his authority over the premises as an owner and tenant in common, and as such to occupy his own property and to permit his firm to occupy with him and for him under his right. ( *Valentine* v. *Healey*, 158 N. Y. 369; *Mumford* v. *Brown*, 1 Wend. 53; *McKay* v. *Mumford*, 10 Wend. 351; *Dresser* v. *Dresser*, 40 Barb. 301; *Le Baron* v. *Babcock*, 122 N. Y. 57.)

*John Notman* for respondent.

CULLEN, J. The action was brought to recover a quarter's rent of certain premises in the city of New York owned by the plaintiff and the defendant Healey, as tenants in common, the plaintiff owning three-quarters and the defendant Healey one-quarter. In May, 1891, the plaintiff and Healey by a written lease demised the premises to a firm composed of said Healey and the defendant Zabriskie for the term of one year at the annual rent of $8,500, payable quarterly, with the privilege to the defendants of continuing the lease for two years more upon giving notice in writing to the owners on or before February 1st, 1892. Notice to renew was not

given. The relations between the plaintiff and Healey were unfriendly. On April 29th, 1892, Healey & Company wrote two letters, one to the plaintiff and one to the defendant Healey, informing each that as indicated by their failure to exercise the option reserved in the lease they did not intend to renew it. They further stated that understanding the premises had not been rented for the coming year they would be pleased to occupy the same for a few weeks from the first of May, paying a *pro rata* rent for such use and occupation. On the following day the plaintiff replied in writing: " You have been already informed that I would renew the lease of the factory for one year at the same rent as in the present lease, but would not let it for a shorter period. As your letter only repeats your request for a few weeks occupancy from May first, my answer repeats my refusal to grant it. Yours truly, Henry C. Valentine." The defendant Healey replied to the letter of Healey & Company as follows: " You are at liberty to continue to occupy the premises at a *pro rata* rent for the period of such occupancy. This privilege is accorded you only with the understanding and agreement that such occupancy is to be terminated on a week's notice from either party, in order that we may take advantage of any opportunity that may offer to rent the premises for the entire year. Very truly, Warren M. Healey." Other correspondence was had between the parties, the details of which are not necessary to the disposition of this case. The defendants continued to occupy the premises for some weeks after the expiration of the lease, and then removed from the premises. The learned judge at Trial Term dismissed the complaint on the authority of the decision of this court on a previous appeal in the action, reported in 158 N. Y. at page 369. The Appellate Division by a divided court reversed the judgment and ordered a new trial. From that order this appeal is taken.

We are of opinion that the disposition of this case is necessarily controlled by our previous decision. The theory on which the action is brought is that where a tenant remains in possession after the termination of his lease, the landlord may

at his option hold him as a tenant for another year upon the terms of the prior lease, and that such is the general rule there is no doubt. (*Hayes* v. *Aldrich*, 133 N. Y. 287.) But on the previous appeal this court held, through Haight, J., who wrote the prevailing opinion, that the general rule does not apply to a case where the tenant holding over is a tenant in common owning an interest in the premises. It is true that the opinion proceeded also on the further ground that as it appeared that the written lease was executed by the defendant Healey alone (which is now shown not to be the fact), it might be assumed that he was the agent for the plaintiff and was authorized to treat with the defendants as to the terms on which they might remain in possession of the premises. This latter ground is now wholly eliminated, for it appears that the plaintiff refused to consent to the defendants remaining in possession of the premises unless the same were taken for another year. But the two grounds on which the judgment of the court was based were entirely independent, and the fact that in the present record one of the legal propositions determined is no longer applicable in no way affects the determination of the other.

It must be now assumed that Healey, in authorizing his firm to remain in possession of the premises, acted in direct opposition to the will of his cotenant, the plaintiff, and the only question presented is whether by his title as tenant in common he had power to suffer the firm to remain in possession without subjecting it to the liabilities that ordinarily obtain where a tenant holds over. This question was decided by the courts of this state as early as *McKay* v. *Mumford* (10 Wend. 351). There the plaintiffs and E. Mumford, one of the defendants, were tenants in common of a grist mill, each owning one moiety. The plaintiffs leased their half of the mill to the defendants, their cotenant E. Mumford and one W. Mumford, for the term of nine months. The defendants remained in occupation of the whole mill after the expiration of the lease, and the action was brought to recover for use and occupation the amount reserved as rent in the lease. It

was there held that such continuance in possession by a
tenant in common or under the authority of a tenant in
common did not operate as a renewal of the lease at the
election of his cotenant.  It was there said by Judge NELSON :
" The fact of his (a tenant in common) not leaving pos-
session does not authorize the inference that he still intends
to hold under the lease; on the contrary, the presump-
tion is that he holds under his own title, which gives
him a right to the possession and enjoyment of the whole
estate, liable, however, to account to his co-tenant at law.
This presumption of possession by virtue of his own title
may undoubtedly be rebutted, and then he would hold,
as to the moiety of his co-tenant, as any other tenant, and sub-
ject to the same rules at law ; but evidence that E. Mumford
intended or avowed his intention to hold in defiance of the
plaintiffs and in exclusion of their rights, does not rebut the
presumption that he holds under his own title; it confirms
it.   *  *  *   There should be evidence showing, either
expressly or impliedly, a recognition of the holding after the
term *as tenant to the plaintiffs*, or in other words, an inten-
tion to hold under the agreement or with the assent of the
plaintiffs, and not merely a possession entirely consistent with
his common law rights."  In principle the case cited is on all
fours with the one before us.  There, as here, the tenants
who it was claimed held over were not only the cotenant of
the lessors, but also a third party, the partner of the cotenant,
and the possession retained was that of the whole premises.
If there be any difference between the two cases it lies in this,
that in the *McKay* case the lease was only of the undivided
share of the lessor which the tenant never offered to surrender
to his lessor at the expiration of the demised term, while here
the lease was of the whole property executed by both the
tenants in common.  If the difference in circumstances justi-
fies any distinction in principle, that distinction would operate
in favor of the defendants, for Healey could be under no
obligation to surrender his undivided fourth to the plain-
tiff.  The authority of *McKay* v. *Mumford* has never been

impaired by any subsequent decision in this state, but on the contrary the case itself was approved by this court on the previous appeal in this action. It has been recognized as a correct exposition of the law in *Rockwell* v. *Luck* (32 Wis. 71) and in Freeman on Cotenancy (sec. 258), and we are referred to no authority in this country to the contrary. It may be that in the present case the action of the defendant Healey has been prejudicial to the interests of his cotenant, the plaintiff, though there is no proof of that in the present record, as the owners seem to have been unable to lease the premises to any third party and the defendant Healey remains liable to account for any profit he has reaped by the use of the property in excess of his share. If, however, such be the fact, it is one of the unfortunate results of common ownership of property. An obstinate or hostile tenant in common may subject his cotenants to inconvenience and often loss. If so there is always open a remedy to the cotenants; an action may be brought for the partition of the common property. But we do not see how the plaintiff can succeed in this case without overturning the settled rules of law regulating the tenure of property by tenants in common.

The order of the Appellate Division should be reversed and the judgment of the trial court affirmed, with costs.

O'B<span>RIEN</span>, J. (dissenting). In this case the plaintiff was the owner of three-fourths of the demised premises. The defendant Healey was the owner of the other fourth, and a member of the firm that went into possession of the premises under a written lease, agreeing to pay a stipulated rent three-fourths of it to the plaintiff and to surrender possession of the premises at the expiration of the term. The legal question presented is this: Can the defendant Healey's firm, after having entered as tenants under the lease, upon the authority of a letter from him written before the expiration of the demised term, remain in possession of the demised premises after the expiration of the term indefinitely without payment of rent and without incurring the legal obligation arising out of the

relation of landlord and tenant to be liable for rent for another year? Of course it is elementary law that a tenant for a year who holds over after the expiration of the term becomes a tenant for another year at the option of the landlord. But it is said that the presence of Healey, the cotenant in the firm or legal entity which became tenant under the lease, changes this rule and that during the existence of the lease he has the power to extend the right of possession indefinitely and that too without any obligation to pay any rent whatever. It is argued that this court on a former appeal decided just that proposition, and, hence, we are bound to decide in the same way now upon the principle of *stare decisis.* I do not think that this court has ever decided any such proposition, and if it is law at all it will have to be promulgated now for the first time.

A brief review of the history of this case will show very clearly that this statement is correct. This case first came before the appellate court nearly ten years ago. ( *Valentine* v. *Healey,* 86 Hun, 259.) That was an appeal to the General Term from a decision of the trial court dismissing the complaint. It was held that the cases in this court establish the rule that where a tenant in common is in exclusive possession of the common property *by virtue of his own title* he is not liable for rent to his cotenant. But it was also held that this rule did not apply to this case inasmuch as Healey was not *in exclusive possession as owner,* but was merely a member of a firm that was in possession as tenant under a lease. It will be seen that this proposition has never been questioned in this court. The judgment having been unanimously reversed, came before the Appellate Division again. ( *Valentine* v. *Healey,* 1 App. Div. 502.) The plaintiff had recovered upon the second trial and on appeal the judgment was unanimously affirmed, and in the opinion the court said : " The letter written by Healey was a consent that the lessees might hold over, as desired by them, and if he had the power to bind the plaintiff by such consent, then the ordinary legal effect of the holding over was avoided,

and this action cannot be maintained. It is not claimed that the plaintiff had any knowledge of this correspondence. The lease by its terms made the rent payable to each of the tenants in common according to their respective interests in the property. Healey was not authorized to act for plaintiff as his agent or otherwise, and the consent could not be operative as plaintiff's consent in any way. The only theory upon which it can be claimed that this consent of Healey's avoided the legal effect of the holding over is that he was a tenant in common with plaintiff as owner of the property, and being such tenant in common, he could give his firm the right outside of the lease to remain in the occupancy of the property. At the time this consent was given, however, he was, as we have seen, *not in possession or occupancy as owner*, but merely as a tenant under the lease as a member of his firm. Such was the relation assumed by him and his firm in taking the lease, and they could not change this relation *during the term* so as to affect the plaintiff's rights under the lease without his knowledge or consent." From that decision an appeal was taken to this court. (*Valentine* v. *Healey*, 158 N. Y. 369.) On reading the prevailing opinion of this court on that appeal it will be seen that none of the vital propositions that had been decided by the appellate courts below were questioned or overruled in any particular. After referring to the case of *McKay* v. *Mumford* (10 Wend. 351), and the principle there decided, the court said: "This rule was recognized by the General Term in this case (86 Hun, 259). But that court distinguished that case from this. Healey is not the sole lessee. The lease ran to a firm of which he was a member. *In this respect the cases are distinguishable*, but we fail to see why Healey, *at the termination of the lease*, may not assume his authority over the premises as an owner and a tenant in common. As such tenant in common he had the right to take and occupy the whole of the premises *and preserve them from waste or injury* so long as he did not interfere with the right of his co-tenant to also occupy the premises." It is clearly apparent so far that there was not the slightest conflict

between this court and the appellate courts below that had previously passed upon the case.

But the learned judge who wrote the opinion in this court on that occasion went still farther and stated this proposition : " There is another view of the case which we think may properly be adopted. It may be, and doubtless is the law that a tenant in common cannot bind a co-tenant without his consent by a contract or a lease with reference to the property of which they are the owners." It is very clear that that is precisely what Healey attempted to do as disclosed by the record now before us. Before the demised term had expired and while his firm was in under a lease, without any surrender of the lease, he wrote a letter to his firm giving it permission to hold over indefinitely. I think it may be safely asserted that there is nothing in the opinion of this court on the former appeal that in the least supports any such contention. In fact, just the contrary appears from the above quotations in the opinion. I am not able to find anything in it to sustain the proposition now asserted, that Healey, as a member of his firm, while in possession under the lease and before its expiration, could write a letter to his firm giving them permission to remain in possession indefinitely without any obligation to pay rent and thus bind the plaintiff. If there is anything of that kind in the opinion I confess I have not been able to understand it. In quoting the language of the opinions I should observe that the italics are my own. From this review of the judicial history of this case, it seems to me that neither this court nor any other court ever decided the propositions now asserted in the prevailing opinion. The truth is, and that is perfectly plain from the record, that when this case was here on the former appeal it was reversed upon two questions which did not involve the merits at all. These questions were, *first*, that inasmuch as plaintiff's signature did not appear upon the printed copy of the lease contained in the record, then it might be presumed that Healey executed the lease for the plaintiff as his agent and so acted as his agent throughout ; *second*, that being such agent to make the lease he had authority also as agent for the plaintiff to

bind him by giving the firm permission to remain in posses-
sion after the expiration of the demised term, and that as such
permission was evidenced by the letter which was excluded
at the trial, the ruling in that respect was erroneous. It is
now admitted on all sides that both of these questions have
disappeared from the case, and, hence, the reason for the
former decision of this court has disappeared also. When
this case came here on the former appeal the appellate court
below had decided twice that this case was not within the
principle of *McKay* v. *Mumford* (*supra*). This court did
not question the correctness of that proposition; on the con-
trary, it acquiesced in it, and went still farther and stated the
proposition quoted, and which if followed now would require
an affirmance of the judgment, and I think it ought to be
affirmed, since the equity and justice, and, as it seems to me,
the law of the case, were on the side of the plaintiff.

GRAY, HAIGHT and MARTIN, JJ., concur with CULLEN, J.;
PARKER, Ch. J., concurs with O'BRIEN, J.; WERNER, J.,
absent.

Order reversed, etc.