H. R. H. MANUFACTURING Co., INC., et al., Landlords, Respondents, *v.* GEORGE DENNIS et al., Tenants, Appellants. .

Supreme Court, Appellate Term, First Department, February 20, 1947.

*Charles N. Maybruck* for appellants.

*Leo Kotler* for respondents.

SHIENTAG, J. This is one of three cases in which these three landlord corporations, owners of building 37–41 East 18th Street were granted a final order against each of three tenants on the ground (Commercial Rent Law, § 8, subd. [d]; L. 1945, ch. 3, as amd.) that they needed possession for their immediate and personal use.

The tenants in the present case occupied the third floor in said building, and the tenants in the other two cases occupied the second and fourth floors respectively.

The petition alleges that the three corporations, owners in fee of the building, have an equity in the property of not less than 25% of the purchase price and an interest of more than 50% of the whole investment in the businesses which they propose to carry on in the space occupied by the tenants.

It appears that the total cost of the premises was $229,500; that the original purchaser, the landlord H. R. H. Manufacturing Co., Inc., paid $39,500 cash and thereafter reduced the first mortgage by the sum of $9,975, thus making a total cash investment of $49,475. Thereafter said corporation sold one-third interest in the property to City Novelty Corporation and another third to the Ara Expansion Band Co., Inc., the other two corporate landlords, and subsequent to the service of the thirty-day notice herein the landlords paid $10,000 in further reduction of the mortgage.

Based on the landlord's testimony the total investment was $59,475, approximately 25½% of the purchase price, in which each of the landlords possessed an interest of approximately 8½%.

It was testified that the landlord H. R. H. Manufacturing Co., Inc., manufactured costume jewelry, that the landlord City Novelty Corporation does stampings and findings for costume jewelry, that the landlord Ara Expansion Band Company, Inc., makes expansion bands for men's and ladies' wrist watches, and that they jointly intend to occupy all of the floors for their businesses — one floor for their joint offices, another for their joint machine shop and another for their joint plating department, plastic section and lacquer room.

Two objections were made to this proceeding. The first was that, since under subdivision (d) of section 8 of chapter 272 of the Laws of 1946, effective March 30, 1946, the landlord must have an equity in the property " of not less than twenty-five per centum of the purchase price ", it would be an evasion of the statute to permit three corporations to become joint holders of property with a joint payment of only 25% of the purchase price. We hold that the statute does not require that in case of the joint ownership of real property by corporations they must each have paid 25% of the purchase price. The term " landlord ", as used in the statute, is broad enough in signification to cover a co-operative corporate ownership and it is legally

sufficient if the total amount contributed is at least 25% of the purchase price.

The second objection made by the tenant relates to the further requirement of subdivision (d) of section 8 of chapter 272 of the Laws of 1946 that no landlord may invoke the provisions of this subdivision " unless he shall possess an interest of not less than fifty per centum of the whole investment in the business which he proposes to carry on in such space." The statute is not satisfied unless the three corporations constituting the landlord also establish that they own 50% of the business to be operated jointly in the premises. In other words, the fact that three joint corporate owners operate three different businesses in the premises, even though each owner may own 100% of each business, does not satisfy the statutory requirements.

The final order should be reversed, with $30 costs, and petition dismissed, with costs.

HAMMER and EDER, JJ., concur.

Order reversed, etc.