JOAN M. SLADE et al., Landlords, *v.* LOUIS HORNICK COMPANY, INC., Tenant.

Municipal Court of the City of New York, Borough of Manhattan, February 21, 1947.

*Frederick E. Zane* for landlords.

*Louis W. Osterweis* for tenant.

WAHL, J. This summary proceeding for the recovery of rented commercial space was instituted upon a petition made by Joan Maslow Slade as agent of a tenancy in common comprised of herself and four other tenants in common, the present owners of the fee and landlords of the tenant Louis Hornick

Company, Inc., whose term of two years under a written lease expired on December 31, 1946. The present owners of the fee acquired title to the building subsequent to January 24, 1945, by virtue of a conveyance from 22-28 West 21st, Inc., the former owner of the fee and landlord of the premises in question, to them as five named individuals. The five named persons of the tenancy in common had become the owners of all the capital stock of 22-28 West 21st, Inc., on July 16, 1946, paying a purchase price of $190,000 therefor, contributed to by each of the present five owners of the fee in equal parts, to wit, $38,000 each. A mortgage lien in the sum of $172,515 was then existing on the premises and existed at the time of the above-mentioned conveyance, which together with the purchase price of the stock makes the total purchase price of the premises to be the sum of $362,515, according to the claim of the petitioner. I am assuming for the purposes of my reasoning, but do not now concede, that the price paid for the stock of a corporation plus the outstanding mortgage, represents the purchase price of the realty.

Recovery of possession of the space in question is sought by the petitioner on behalf of three of the five tenants in common of the fee and landlords thereof, Joan Maslow Slade, Frances Maslow Rosenkrantz and Irving Freen, who, it is further alleged, have an equity in the property of not less than 25% of the purchase price and, further, that said landlords possess an interest of not less than 50% of the whole investment in Cabinet Craftsmen, Inc., which is the business they propose to carry on in such commercial space. On the trial, it was shown that Irving Freen owns 50% of the capital stock of Cabinet Craftsmen, Inc., and Joan Maslow Slade and Frances Maslow Rosenkrantz each owns 25% of the capital stock of said corporation.

The attorney for the petitioner argues that this proceeding is maintainable by reason of the exceptions to removal of tenants of commercial space set forth in subdivision (d) of section 8 of chapter 3 of the Laws of 1945 as amended by chapter 272 of the Laws of 1946 (Commercial Rent Law). He calls attention to the definition of " person " set forth in subdivision (1) of section 2 of chapter 3 of the Laws of 1945, as follows: " An individual, corporation, partnership, association, or any other organized group of individuals or the legal successor or representative of any of the foregoing "; and from that, argues that these three tenants in common of the fee are an " organized group of individuals ". As such, they are " a person who acquires title to the building * * * subsequent

to January twenty-fourth, nineteen hundred forty-five ", and as each one of this " organized group of individuals " paid $38,000, totaling $114,000 of the purchase price of $362,515, this " organized group of individuals " has an equity in the property of more than 25% of the purchase price, thereby entitling them to seek recovery of the possession of the premises in question for the conduct of the business in which they possess a 100% interest of the whole investment. The tenant contends that the court has no jurisdiction of this proceeding since the petition alleges that only three of the five named landlords desire possession, and, therefore, they do not bring themselves within the provisions of subdivision (d) of section 8. A motion to dismiss the petition was made by the tenant at the close of the landlord's case, and decision upon said motion was reserved. I have since granted this motion to dismiss the petition, but delayed until now the delivery of this memorandum setting forth the reasons for granting the motion to dismiss.

While this motion was pending before me, I had the occasion in another summary proceeding to consider the right of a tenant in common of the fee to recover possession of rented commercial space under the emergency rent laws; and in an opinion filed in that case, I reviewed many of the principles of common law and statutory law applicable to the status and rights of a tenant in common of the fee to the possession of real property owned by the tenancy in common, setting forth what I consider valid conclusions of law on the status and rights of such a person to the possession of the real property. (See *Kristel* v. *Steinberg,* 188 Misc. 500.) These conclusions will bear repetition here in this proceeding for they are also germane to the position of the persons involved herein under the emergency rent laws. They are as follows: (1) A tenant in common of the fee is an owner of real property, having a legal estate therein.

(2) A tenant in common of the fee has a title in the fee, separate and distinct from that of his cotenants with only a unity of possession between them.

(3) A tenant in common of the fee has a right of possession exclusive against all other persons, except as to his cotenants or as to any incumbrances placed on it by the tenancy in common.

(4) One tenant in common may maintain summary proceedings to evict a lessee of the tenancy in common who is holding over, even though his cotenant did not unite in the summary proceeding with him, but instead may have given or expressed a desire to give a new lease to the holdover tenant.

(5) Under the provisions of subdivision (d) of section 8 of the commercial Rent Law, a tenant in common of the fee could be a " landlord [who] owned or acquired an enforceable right to buy or take possession of the building or other rental area on or before January twenty-fourth, nineteen hundred forty-five ", and thus would be entitled to maintain summary proceedings in his own name or in the name of the cotenancy to recover possession of the premises for his immediate and personal use, provided he could establish that he met the other requirements of the subdivision; or he could be " a person who acquires title to the building or other rental area subsequent to January twenty-fourth, nineteen hundred forty-five," and thus would be entitled also to maintain summary proceedings in the same manner and under the same conditions as stated above.

Hence, tenants in common do not hold the fee as if they together constituted one person as is the case in joint tenancy where the fictitious unity of the tenants gives an entirety of interest whereby they hold together but one estate in the land. Though the estates of these five persons here mentioned were created by the same deed so that it may be said the four unities of time, title, interest and possession were present at the creation of the tenancy (Walsh on Property, § 200, p. 354), a tenancy in common was the estate granted by the deed to the five named individuals in their own right. (Real Property Law, § 66.) Tenancies in common are characterized by unity of possession, the only unity which exists in all forms of co-ownership, as there is no necessity for unity of interest or title. A tenant in common, though owner of an undivided share only in the land, differs from a joint tenant, in having *a several and distinct estate therein,* and except for the fact that he has not the exclusive possession, *he has the same rights in respect to his share as a tenant in severalty.* Each tenant in common holds his title and interest independently of the other tenants in common. (2 Tiffany on Real Property, § 426; *Le Vee* v. *Le Vee,* 93 Ore. 370; *Tilton* v. *Vail,* 42 Hun 638, 640; *Chittenden* v. *Gates,* 18 App. Div. 169, 172; *Manhattan Real Estate Assn.* v. *Cudlipp,* 80 App. Div. 532, 535.) Thus, a tenant in common may transfer, devise, convey, lease, mortgage or otherwise incumber his interest in the land, without seeking the consent or joinder of his cotenants to the transaction. (*McKay* v. *Mumford,* 10 Wend. 351; *Valentine* v. *Healey,* 178 N. Y. 391; *Barson* v. *Mulligan,* 191 N. Y. 306.)

It was in the light of these principles of law that I sustained the right of a tenant in common of the fee to recover the posses-

sion of rented commercial space as " a person who acquires title to the building  *  *  *  subsequent to January twenty-fourth, nineteen hundred forty-five," for " his immediate and personal use " where there was no question as to the sufficiency of his equity in the purchase price of the property or as to the interest he possessed in the business which he proposed to carry on in the commercial space in question. Now I am asked to extend the application of these principles to the right of three of five tenants in common who have joined their particular interests and titles in a tenancy in common to recover rented commercial property as " a person [i.e., an organized group of individuals] who acquired title to the building  *  *  *  subsequent to January twenty-fourth, nineteen hundred forty-five," and who have as such " person [organized group of individuals] " a joint equity of more than 25% of the purchase price of the property. From the facts stated and taking the purchase price of the property to be the sum as the parties claim it to be, it is evident that none of these three tenants in common has a greater equity in the property than a little over 10% of the purchase price in his own title and interest.

In the absence of any restrictions on the removal of holding over tenants, I have no doubt that these three tenants in common could legally join in one petition for the recovery of the possession of real property owned by the tenancy in common. However, even as owners of real property, they must clearly bring themselves within all the requirements of subdivision (d) of section 8 to be entitled to a final order awarding them the possession of the premises in question. It has been held that the language used in subdivision (d) section 8 is without ambiguity, indefiniteness or obscurity and must be accepted exactly as it is written; and as clearly written the statute must be enforced. (*Trade Accessories, Inc.,* v. *Bellet,* 184 Misc. 962, 967.) Thus it is not enough for these three tenants to show rights of ownership under which they ordinarily would be entitled to possession but they must also establish affirmatively that they are the " person " intended by the statute and further that the equity they claim to have is the equity required by it. These requirements placed on owners of real property seeking to recover their possessions have been held to be a reasonable exercise of the legislative power to remedy the evils of the existing emergency. (*Twentieth Century Associates* v. *Waldman,* 294 N. Y. 571; *Trade Accessories, Inc.,* v. *Bellet, supra.*)

It may be a reasonable construction in consonance with the purpose for which these emergency rent laws were enacted to

hold that all the persons comprising a tenancy in common, as in the case of joint tenancy, are an " organized group of individuals " despite the placement of those words in the definitions contained in subdivision (l) of section 2 of chapter 3 of the Laws of 1945; or that section 35 of the General Construction Law governs in instances where the tenancy in common as a whole seeks possession, in either case the unity seeking possession for *their* immediate and personal use. But it certainly would be an undue application of the words to hold that an " organized group of individuals " could be three of five owners of real property for that would be to hold for the proposition that there can be an " organized group of individuals " within an " organized group of individuals ". Nor can the wording of section 35 of the General Construction Law be extended to a case where three owner-landlords of five owner-landlords seek to qualify as a " person " under the provisions of subdivision (d) of section 8 of the Commercial Rent Law, particularly so where the three persons have separate and distinct interests and titles in their own right, not alone as to the other two tenants in common but also as between themselves. The right of a tenant in common of the fee to recover the possession of rented commercial space cannot be extended, under the provisions of subdivision (d) of section 8 of the Commercial Rent Law, beyond that of the individual tenant in common of the fee who has an equity in the property of not less than 25% of the purchase price and who in good faith seeks to recover possession of the commercial space for his immediate and personal use, when he possesses an interest of not less than 50% of the whole investment in the business which he proposes to carry on in such space, or that of a tenancy in common which as the entire ownership has an equity in the property of not less than 25% of the purchase price and which likewise seeks in good faith to recover possession of rented commercial space for *their* immediate and personal use where *they* possess an interest of not less than 50% of the whole investment *of the business which they propose to carry on in such space*. (The case of *H. R. H. Mfg. Co.* v. *Dennis,* 188 Misc. 446, was brought to my attention before I completed this memorandum. The decision in that case tends to uphold this ruling, and nothing in that case is contrary to my holding on these particular cotenants herein.) It is not a narrow construction of the emergency rent laws, as the attorney for the petitioner contends, to hold that one tenant in common who has a separate title, interest and estate from that of his cotenants, but lacks the required equity or required business interest, can-

not unite with some of the other cotenants who also lack the statutory requirements for recovery of possession so as to make it possible for the combination to qualify as to the equity and business interest requirements. The legislative intent is clear that the owner of real property who seeks to recover possession of rented commercial space must have a somewhat substantial interest in the property and in the business for which he seeks the space, and this is a reasonable requirement in the light of the evils which the emergency legislation seeks to remedy. If what this petitioner seeks to do were permitted, minor interests could form any number of combinations and thus create greater chaos and evils than have existed and still exist.

The petitioners strongly contend that they come within the provisions of the statute. I have diligently examined into the facts and the law, but to no avail — like " ' a blind man searching in a dark room for a black hat which is not there.' " (Moulders of Legal Thought by Justice Shientag, p. 140.)

In view of these reasons for holding that these proceedings cannot be maintained, it is unnecessary to consider whether or not the business for which recovery is sought is one which is intended under the statute, where the interest in the business is represented by ownership of shares of stock therein.

Final order for the tenant.