■ A. Alfred Solomon, Respondent, v. Philip Kittay, Appellant.— In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County, dated November 5, 1959, which granted plaintiff's motion to vacate the dismissal of the complaint pursuant to rule 302 of the Rules of Civil Practice. Appeal dismissed, without costs. It appears from the papers submitted that the defendant died prior to the making of the motion which resulted in the order appealed from. Under the

circumstances, although the action did not abate (Decedent Estate Law, § 118), no proceedings could be taken therein until the substitution of defendant's representative (*O'Brien* v. *Flynn* [Appeal No. 1], 228 App. Div. 704; *O'Brien* v. *Flynn* [Appeal No. 2], 228 App. Div. 704; *Thorburn* v. *Gates,* 191 App. Div. 506, affd. 232 N. Y. 544; *Arents* v. *Long Is. R. R. Co.,* 36 App. Div. 379). No such substitution was made. Consequently, the order appealed from is void. Moreover, so far as the record discloses, no representative has as yet been appointed and substituted for the defendant, and therefore we may not pass on the merits of the appeal purporting to be by the deceased defendant. It follows that the notice of appeal is also void and that it cannot serve to bring the appeal before this court (cf. *Speier* v. *St. Francis Church,* 3 A D 2d 732; *Matter of Haberman* v. *O'Connell,* 282 App. Div. 762; *Bronheim* v. *Kelleher,* 258 App. Div. 972). Nolan, P. J., Beldock, Ughetta, Kleinfeld and Christ, JJ., concur.