PETER BERGER, Appellant, *v.* FREDERICK T. HORSFIELD and Others, Defendants, Impleaded with ELEANOR D. WIGGINS, Respondent.

Second Department, June 18, 1919.

Tenants in common — disseizin — adverse possession by one tenant — essential elements — facts from which adverse possession may be found — action to quiet title — entry of judgment on complaint against defendants served personally on failure to answer — Code Civil Procedure, section 1215, construed — entry of judgment against defendants served by publication who fail to answer — necessity for proving cause of action — answer of infant defendant submitting rights to court as raising issue — necessity for proving complaint where infant defendant submits rights to court — nature of subsequent proceedings — right to jury trial.

One tenant in common of real property may disseize another, but mere possession by one of the tenants in common does not amount to an ouster.

A tenant in common may, by disseizing his cotenant, acquire title by adverse possession; but this may be done only by notice to the cotenant that he claims possession adversely to the cotenant's title, by refusal to account for rents and profits, or by unequivocal acts, open and public, making the possession so visible, hostile, exclusive and notorious that notice may fairly be presumed.

Where a tenant in common and his predecessors in title have been in the exclusive possession of the common land for eighty-three years, and the other tenant in common and his heirs have never made any claim against the property, and the tenant in possession and his predecessors collected all the rents and profits without accounting, and on a foreclosure sale of a mortgage given by a predecessor of the tenant in possession it was attempted to sell the whole property, a question of fact is presented as to whether the title had been acquired by adverse possession.

In an action to quiet title the failure by defendants personally served to answer admits the allegation of the complaint, and a judgment may be entered directly upon the complaint under section 1215 of the Code of Civil Procedure.

The provision of section 1215 of the Code of Civil Procedure authorizing the court to make a computation or assessment in an equity action, or take an account, or proof of a fact, for the purpose of enabling it to render the judgment or to carry it into effect, does not require proof of the cause of action, but only of any incidental fact that may be necessary in order to enable the court to render judgment or carry it into effect.

In an action to quiet title the plaintiff must prove his cause of action before he is entitled to judgment against defendants served by publication; and in the event of his failure the only judgment that can be rendered is one dismissing the complaint as to them.

In such an action an answer by an infant defendant, submitting his rights to the court, which contains no denials, nor any allegation of facts showing that she was entitled to an interest in the property, and makes no demand for affirmative relief, raises no issue on the allegations of the complaint, and tenders no issue as to the infant's interest in the property, under section 1641 of the Code of Civil Procedure.

The effect of such an answer is merely to compel the plaintiff to prove the allegation of his complaint.

If an infant sets up his interest in the property, the subsequent proceedings will be as if the action was in ejectment and she was the plaintiff. In such a case either party would be entitled to a jury trial.

APPEAL by the plaintiff, Peter Berger, from a judgment of the Supreme Court in favor of the respondent, entered in the office of the clerk of the county of Nassau on the 6th day of January, 1919, upon the decision of the court after a trial at the Nassau Special Term.

The judgment decreed that the plaintiff is seized in fee

simple absolute of an undivided three-quarters of the premises described in the complaint, and that the defendants are seized and possessed in fee simple absolute of certain undivided interests in the premises which aggregate the remaining one-quarter of the property.

*Clinton M. Flint,* for the appellant.

*Sidney H. Swezey,* guardian ad litem for the infant respondent, Eleanor D. Wiggins.

*Bruce R. Duncan* [*Carl J. Heyser* with him on the brief], for the defendants Sophia A. Horsfield and Catherine L. Heyser.

BLACKMAR, J.:

The action was brought to quiet the title to real property. The issue litigated was whether plaintiff had title as against the defendants to an undivided quarter interest in the property by adverse possession. The plaintiff and his predecessors in title have been in actual possession of the premises since the 30th day of April, 1834. Before that time the premises were owned as tenants in common by Thomas, Richard, George and Freelove Horsfield. They were all of full age except Freelove, who was an infant. On the date above mentioned, Thomas, Richard and George conveyed a three-quarter interest in the premises to Isaac Mott. The deed recited that the remaining one-quarter was owned by Freelove. The plaintiff takes title through Isaac Mott, and the defendants have been awarded by the judgment the one-quarter interest of Freelove as her heirs, being the descendants of her three brothers.

Isaac Mott gave four mortgages upon the property, three of them to James Luyster. Only one of them has any bearing on the issue involved. That one was given to James Luyster on the 10th of December, 1866, to secure the payment of the sum of $783.10. The mortgage contained a recital that the mortgaged premises were the same as those conveyed to the same mortgagor by the said deed of April 30, 1834. Isaac Mott continued in exclusive possession of the premises and cultivated the same until the year 1878, when the mortgage

was foreclosed. Freelove, in whom the outstanding one-quarter interest was vested, was not made a party. The foreclosure action progressed to judgment and sale and the premises were purchased at the sale by Elbert T. Bailey; but Bailey rejected title because of the outstanding interest of Freelove. The purchaser was relieved of his purchase by the court, the property put up for sale again and purchased by the mortgagee, James Luyster, to whom was given a referee's deed which in terms conveyed all the right, title and interest of Isaac Mott and Diana, his wife. Luyster entered into possession and remained there until his death; and subsequently thereto, on October 2, 1899, his executors, acting under a power, conveyed the premises to Elizabeth Berger, the wife of the plaintiff. The deed recited that the premises were the same as those conveyed to James Luyster, deceased, by the referee on the foreclosure. Subsequently Elizabeth Berger died, and her husband, the present plaintiff, succeeded to the title as devisee under her will. The plaintiff made a sale of the property for $28,000, but his title was rejected and he brought this action to quiet his title. The court decided against the plaintiff on the issue of adverse possession and gave judgment that the defendants were seized in fee and entitled to the possession of undivided interests in the premises, which interests, taken together, aggregated one-quarter thereof. From this judgment, plaintiff appeals.

When Isaac Mott received the conveyance of the three-quarters interest in the property of Thomas, Richard and George, he thereupon became a tenant in common with Freelove Horsfield. His entry into possession was not adverse to the title of Freelove. It is the well-settled rule of this State that one tenant in common may disseize another but that mere possession by one of the tenants in common alone is not such ouster; for any one of the tenants in common is entitled to possession by virtue of his own title. He may also, by disseizing his cotenant, acquire title by adverse possession; but this may only be done by a notice to the cotenant that he claims possession adversely to the cotenant's title, by refusal to account for rents and profits, or by unequivocal acts, open and public, making the possession so visible, hostile, exclusive and notorious that notice may

fairly be presumed. (*Kathan* v. *Rockwell*, 16 Hun, 90; *Culver* v. *Rhodes*, 87 N. Y. 348; *Sweetland* v. *Buell*, 164 id. 541; *Jackson* v. *Tibbits*, 9 Cow. 241.) The reason for this rule is founded on the principle underlying the doctrine of adverse possession. As the title gained by adverse possession rests upon the laches of the real owner, who fails to assert his title against the one claiming adversely, and as a tenant in common may be rightfully in possession by virtue of his own title, the tenant in common out of possession may rest quiescent without laches until charged with knowledge that his cotenant's possession is hostile to his title. It was under this doctrine that the learned trial court held that the facts in the case did not warrant a decision that the plaintiff had acquired by adverse possession the title that originally vested in Freelove.

I think, in view of the long occupancy of eighty-three years, of the fact that Freelove and her heirs had never made any claim against the property, that the plaintiff and his predecessors for this length of time had collected all the rents and profits without accounting, that on the foreclosure sale of the Luyster mortgage it was attempted to sell the whole property, it is a question of fact whether the title had been acquired by adverse possession. This question was resolved by the court in the negative; and the evidence is not, I think, of such a character as to justify us in reversing such determinaton.

There remains, however, an important question in the case. The defendants are about twenty in number. They were all personally served with a summons except two; and of those served all but three defaulted in appearing, and all but one, an infant, defaulted in answering. The failure to answer in an equity case admits the allegations of the complaint as much as in a case at law. Judgment may be entered directly upon the complaint, under section 1215 of the Code of Civil Procedure. The only provision for taking testimony after default of defendants in answering in an equity action is contained in the following provision of section 1215: " It, or they, [referring to the words ' The court, or a judge or justice thereof '] may, without a jury, or with a jury if one is present in court, make a computation or assessment, or take an account, or proof of a fact, for the purpose of enabling it, or them, to render the judgment, or to carry it

into effect." This does not require proof of the cause of action, but only of any incidental fact that may be necessary in order to enable the court to render judgment or carry it into effect.

As to the two defendants who were served by publication, the rule is different. In such case the cause of action must be proved before the plaintiff is entitled to judgment (Code Civ. Proc. § 1216); and in the event of his failure the only judgment that can be rendered is one dismissing the complaint as to them. Nevertheless the trial court rendered judgment granting affirmative relief to all those defendants served personally who defaulted in answering and thereby admitted the allegations of the complaint, and to those served by publication who defaulted in answering. This cannot be sustained.

The answer of the infant defendant simply submitted her rights to the court. It contained no denials, nor any allegation of facts showing that she was entitled to an interest in the property, and made no demand for affirmative relief. Such an answer raises no issue on the allegations of the complaint, and tenders no issue as to the infant's interest in the property under section 1641 of the Code of Civil Procedure. (*Kindgen* v. *Craig,* 162 App. Div. 508.) Its effect under the old Chancery practice was to require the plaintiff to prove the allegations of his complaint (*Mills* v. *Dennis,* 3 Johns. Ch. 367), and such I believe to be the prevailing course of practice in this court, although the rule laid down in that case, that the infant could have her day in court to show error, after coming of age, is now obsolete. If the infant had set up the interest that she had in the property, the subsequent proceedings would have been as if the action was in ejectment and she was the plaintiff. (Code Civ. Proc. §§ 1641, 1642.) In such case either party would be entitled to a jury trial. (Code Civ. Proc. §§ 1641, 1642, 968.) The infant claims that the jury trial was waived because not demanded, but no occasion arose for demanding a jury trial unless the answer contained an affirmative claim as permitted by section 1641. Upon the pleadings and proceedings as they stood, the plaintiff was entitled to judgment against those defendants who were served personally and did not answer, while as to those defendants who were

served by publication, and as to the infant defendant, the most that the court could do was to dismiss the complaint if the plaintiff failed in proving his cause of action.

As it may be that the defendants, or some of them, may apply to open their default and answer, and the infant may desire to amend her answer, I recommend that the judgment be reversed and a new trial granted, without costs of the appeal to any party.

JENKS, P. J., RICH, KELLY and JAYCOX, JJ., concurred.

Judgment reversed and new trial granted, without costs of the appeal to any party.