DALEROSE REALTY CORPORATION, Respondent, *v*. MAX. KLEINBERG, Appellant.

(County Court, Bronx County, October, 1921.)

Summary procedings — jurisdiction — Municipal Court of city of New York — stay — Municipal Court Code, § 6(3).

Where before the trial of a summary proceeding instituted in the Municipal Court upon an allegation that the tenant was objectionable, the tenant consents to the entry of a final order awarding possession of the premises to the landlord with a stay of the warrant, the court under section 6(3) of the Municipal Court Code has jurisdiction to make the order.

Where a motion to vacate said order on the ground that the court was without jurisdiction to make it and to restore the proceedings to the calendar for trial, is denied, an application for a stay pending an appeal from the order is without merit and will be denied.

APPLICATION for stay pending the determination of an appeal.

County Court, Bronx County, October, 1921.    [Vol. 116.

Graig & Graig, for motion.

Louis A. Schoffel, in opposition.

GIBBS, J.    This is an application for an order staying all proceedings on the part of the landlord, his agents, the sheriff of Bronx county and the city marshals of New York city.

An examination of the papers discloses that the landlord instituted summary proceedings against the tenant herein alleging that the latter was objectionable.    Before the proceeding was reached for trial the tenant consented to the entry of a final order awarding possession of the premises to the landlord with a provision staying the execution of the warrant until October 1, 1921.    Thereafter an application was made to vacate said final order on the ground that the court was without jurisdiction to make it and for an order restoring the proceedings to the calendar for trial. This application was denied and an appeal has been taken from such denial.

The tenant now seeks to stay the execution of the warrant pending the determination of the appeal. He contends that the justice of the Municipal Court had no jurisdiction to make the final order without taking proof in the case.    He takes the position that the Municipal Court being one of limited jurisdiction has only such power as is conferred upon it by statutes and that a final order could not be entered before a trial of the issues raised.

Counsel has evidently overlooked the provisions of section 6 of the New York Municipal Court Code. Subdivision 3 of this section, which relates to the jurisdiction of the Municipal Court of the city of New York, provides among other things that " The Municipal Court of the city of New York shall have juris-

diction  *  *  *  to render judgment in an action, **or** *to make a final order in a summary proceeding,* upon confession or *upon the consent of both parties."* Amended by Laws of 1920, chap. 210, in effect April 14, 1920.

The parties having come into court and consented to the entry of the order, the lower court had jurisdiction to make such order.

This application is without merit and must be denied.

*Application denied.*