MARGARET G. TULLY, Respondent, v. RECLAMATION AND BUILDING CORPORATION and Others, Appellants.— Judgment reversed on the law and the facts, with costs, and the complaint dismissed on the merits, with costs. The New York City Municipal Court, like other courts of record, had the power to enter judgment upon the written consent of both parties; this power was expressly conferred by Municipal Court Code, section 6, subdivision 3. Upon the filing herein of the written consent to judgment, there was nothing for the court to determine in its

judicial capacity; all that remained was for the clerk to perform the routine task of entering judgment. The omission to perform this duty was curable at any time by order *nunc pro tunc* (Mun. Ct. Code, § 6, subd. 7; Civ. Prac. Act, § 109); the entry herein of such an order had as its effect the sustaining of prior and subsequent proceedings, including the issuance of execution. Section 1425 of the Civil Practice Act is not to be construed as placing a time limitation upon the power of the Municipal Court to determine the amount of rent due and to render judgment therefor. What parties stipulate out of a situation, the courts may not put back into it. The stipulation for final order and for judgment eliminated the tenant's concern as to clerical formalities respecting the entry of the judgment. The evidence shows that the tenant acquiesced in what the landlord did subsequently to the stipulation; in effect it abandoned the demised premises and is estopped from objecting. Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ., concur.