JOSEPH E. GILROY, Landlord, Respondent, v. NELSON D. BECKER, Doing Business as ALBERT BECKER COMPANY, Tenant, Appellant.

Supreme Court, Appellate Term, First Department, December 4, 1945.

*Emanuel Redfield* for appellant.

*Theodore I. Watterson* for respondent.

HECHT, J. In his petition filed to recover possession of the demised commercial space occupied by the tenant in his printing business for the past forty years the landlord avers that he is the lessee of the demised premises and that his " predecessor in title " had leased said premises to the tenant and the tenant's term had expired; further, that the petitioner owned or acquired an enforcible right to take possession of the building on or before January 24, 1945, and seeks in good faith to recover possession of the tenant's commercial space for his immediate and personal use.

As a defense the tenant pleaded chapter 3 of the Laws of 1945, known as the emergency Commercial Rent Law.

On the return of the precept, June 7, 1945, the tenant appeared by attorney, and by consent of the parties the tenant was permitted to remain in possession until December 15th upon payment of the rent as it became due; the warrant to issue on said date; and a final order for the landlord was thereupon entered.

Immediately after the conference in court the tenant's attorney telephoned to the managers of the building, inquiring as to its ownership, and was informed that the landlord herein was not the owner of the premises or of any part thereof; that fact is undisputed by the landlord. On the same day the tenant's attorney procured an order to show cause why the final order entered on consent should not be set aside and the proceeding dismissed, and from the order denying the motion the tenant appeals.

Section 8 of the emergency statute (L. 1945, ch. 3, as amd. by L. 1945, ch. 315) provides that so long as the tenant continues to pay the emergency rent he shall not be removed from any commercial space by action or proceeding to evict or recover possession, or otherwise, nor shall any person attempt such removal or exclusion from possession notwithstanding that the tenant has no lease or his lease has expired, regardless of any contract, lease, agreement or obligation heretofore or hereafter entered into which is inconsistent with any of the provisions of the act, unless in seven classes of cases specifically enumerated.

By subdivision (d) of section 8, as amended by chapter 315 of the Laws of 1945, it is provided that a landlord, acting in good faith, if he has an equity in the property of not less than 25% of the purchase price and possesses an interest of not less than 50% in the investment in the business which he pro-

poses to carry on in the space, may recover possession on the expiration of the term; and in *Trade Accessories* v. *Bellet* (184 Misc. 962) this court has held that a mere lessee of a building, as this landlord admits he is, does not come within the purview of the subdivision. (See, also, *Tishman Realty & Constr. Co.* v. *Wolf*, 185 Misc. 317, leave to appeal to Appellate Division denied *sub nom. Tishman Realty & Constr. Co.* v. *Harris*, N. Y. L. J., Oct. 20, 1945, p. 975, col. 5.)

It follows that the petition herein, lacking the essential allegations, is insufficient on its face; the Municipal Court had no jurisdiction of the subject matter, and the final order is void notwithstanding the tenant's consent (*Goldberg* v. *Levine*, 199 App. Div. 292; *Mischner* v. *Altman*, 145 App. Div. 251; *Kleinstein* v. *Gonsky*, 134 App. Div. 266; *Fifth Avenue Shop, Inc.*, v. *Fox-Stiefel Co.*, 83 Misc. 127; *Shelton Management Corp.* v. *Rosenkrantz*, 184 Misc. 355; *Warden* v. *Goldman*, 84 Misc. 87; Keogh on Landlord and Tenant, p. 227).

Further, to the explicit provisions of section 8, that no landlord, his tenant continuing to pay the emergency rent, shall attempt to remove him from possession " regardless of any contract, lease, agreement or obligation heretofore or hereafter entered into which is inconsistent with any of the provisions of this act " (unless in a case coming within the specific exceptions) the Legislature has added the provision (as amd. by L. 1945, ch. 315) that (§ 12) " Any waiver of any of the provisions of this act shall be unenforceable and void."

The tenant's waiver being void and unenforcible as matter of public policy the final order is void and unenforcible and cases where, in the absence of legislative fiat to the contrary, judgments on stipulations have been upheld (see *Yonkers Fur Dressing Co.* v. *Royal Ins. Co.*, 247 N. Y. 435) are wholly inapplicable.

The order should be reversed, with $10 costs, final order vacated, and proceeding dismissed, with costs.

EDER, J. (concurring). I concur in the result only for the reason that the petition is fatally defective in that it contains no allegation that the lessee-landlord possesses an interest of not less than 50% in the investment in the business which he proposes to carry on in the space sought to be recovered (L. 1945, ch. 315, § 8, subd. [d]). If such an allegation had been included I should have voted to affirm the order appealed from adhering to my views as expressed in *Trade Accessories* v.

*Bellet* (184 Misc. 962) and reiterated in *Tishman Realty &
Constr. Co.* v. *Wolf* (185 Misc. 317) to the effect that a lessee-
landlord may institute and maintain a summary proceeding.
That in the *Tishman* case (*supra*) the Appellate Division denied
leave to appeal (N. Y. L. J., Oct. 20, 1945, p. 975, col. 5) carries
no implication that it disagreed with that conclusion; it may
not be regarded as an authoritative precedent (*Matter of Mar-
chant* v. *Mead-Morrison M. Co.*, 252 N. Y. 284, 297–298). As
there pointed out by CARDOZO, Ch. J. (p. 298): " Not infre-
quently relief is refused in the exercise of discretion, for the
test in many cases is the promotion of substantial justice ".

For the reason stated I concur in the result.

McLAUGHLIN, J., concurs with HECHT, J.; EDER, J., concurs in
result in opinion.

Order reversed, etc.