NAT H. KRISTEL et al., Landlords, *v.* WILLIAM STEINBERG et al., Doing Business as ARTISTIC DESK PAD & NOVELTY Co., Tenants.*

Municipal Court of the City of New York, Borough of Manhattan, February 14, 1947.

* See, also, *Hecht Co.* v. *Kuerner,* 188 Misc. 519.— [REP.

*Max E. Lynne* and *Edwin M. Slote* for tenants.

*Maurice Knapp* and *Charles Segal* for landlords.

WAHL, J. On this motion by tenants to vacate a final order made February 8, 1946, upon the consent of the tenants contained in a written stipulation entered into between the respective parties and their attorneys on February 4, 1946, which stipulation also contained a consent by the landlords to a stay of the execution of the warrant to dispossess until January 31, 1947, the petition of the cotenant in common, Nat H. Kristel, filed in the summary proceeding and the affidavits in support of and in opposition to the motion disclose the following facts pertinent to the issues presently before the court: (1) That on or about December 1, 1944, the then landlords and tenants in common, Gardes Realty Corporation and William Klein, as substituted committee of the property of Hubert de Stuers, an incompetent person, entered into a lease agreement with the tenants herein, by which agreement the premises in question were

demised to the tenants for a term of one year, beginning February 1, 1945, and ending on January 31, 1946.

(2) That on or about August 20, 1945, Gardes Realty Corporation conveyed its undivided eight-fifteenths interest in and to the premises and to said lease to Nat H. Kristel, the petitioner herein.

(3) That by a letter dated September 13, 1945, Kristel notified the tenants that their lease would not be renewed as he required the space occupied by them for his own business and that he intended to seek possession thereof at the expiration of their term.

(4) That on or about January 14, 1946, the tenants herein instituted an action in the Supreme Court, New York County, asking for a declaratory judgment, *inter alia*, determining the rights and legal status of the defendants therein (the landlords originally named in this proceeding) to act jointly as landlord under the emergency rent laws; to decree that defendant Kristel, if adjudged to be a landlord under the emergency rent laws, did not in good faith, seek possession of the space in question as is required by said emergency rent laws; to restrain Kristel from interfering with the tenants' possession; and to direct the landlords to execute a new lease with tenants and to accept the " emergency rent " from the tenants.

(5) That on January 17, 1946, the plaintiff-tenants moved in the Supreme Court for a temporary injunction enjoining Kristel from interfering with the tenants' possession and from instituting or maintaining any summary proceeding to recover possession thereof; that on that date, the same parties and their same attorneys as were named originally in this proceeding, agreed to discontinue the Supreme Court declaratory judgment action, which action was later discontinued, upon the condition that a summary proceeding would be instituted in proper form and sufficient to give the Municipal Court jurisdiction, in which proceeding all the owners of the property were to be joined as landlords; that a stipulation would be entered into consenting to the entry of a final order awarding possession of the premises to the landlord, provided a stay of execution until January 31, 1947, would be granted to the tenants.

(6) That on February 2, 1946, a precept and petition dated February 1, 1946, were served on the tenants herein, which petition was made by Nat H. Kristel, signed by him alone and contained allegations among others necessary for proper pleading in a petition, to the effect that: (a) Petitioner Kristel was one of the owners and made the petition on his own behalf and

on behalf of William Klein in his representative capacity, as owners in fee and landlords of the premises in question.

(b) The premises were hired by the tenants pursuant to the agreement heretofore mentioned.

(c) The former landlord and owner of an undivided eight-fifteenths interest in the fee and the lease, Gardes Realty Corporation, conveyed its interest to Nat H. Kristel on August 20, 1945.

(d) The grounds under which the summary proceeding is brought come within the purview of subdivision d of section 8 of the Emergency Rent Laws of 1945.

(e) The landlords acquired title on August 20, 1945, and seek in good faith to recover possession of the commercial space for their immediate and personal use.

(f) The landlords have an equity in the property of more than 25% of the purchase price and have an interest of not less than 50% of the whole investment in the business which they proposed to carry on in such space.

(7) That on February 4, 1946, a stipulation was entered into between the parties and their attorneys, including William Klein in his representative capacity in person, by which it was consented and agreed between them that: (a) A final order awarding possession to the *landlords* of the premises in question *for the exclusive use of Nat H. Kristel* was to be entered subject to the terms of the stipulation.

(b) No warrant was to be issued pursuant to such final order or execution thereof prior to January 31, 1947.

(c) Tenants acknowledge the right of Kristel, as one of the landlords, to possession under the provisions of all existing applicable statutes, for his own immediate use, and hereby waive and surrender any and all claim or right to possession except as herein provided.

(d) All rights of the tenants to seek damages from Kristel under the statutes by reason of his failure to take possession of or use the premises as provided by statute were reserved to them.

(8) That a final order awarding delivery of the possession of the premises in question to the landlord was made on February 8, 1946, and the issuance of the warrant thereunder was stayed until January 31, 1947.

(9) That on June 17, 1946, pursuant to the order of Mr. Justice KENNETH O'BRIEN, of the Supreme Court of the State of New York, William Klein was discharged as substituted committee of the property of Hubert de Stuers and directed to

restore any and all property remaining in his hands and belonging to the said Hubert de Stuers to the said Hubert de Stuers.

(10) That on and since July 1, 1946, the tenants herein have been paying the rent to Nat H. Kristel and Hubert de Stuers as landlords.

On the motion presently before me, almost a year since the final order was made on February 8, 1946, the tenants advance the following contentions as the basis for their application to vacate and set aside the final order and to dismiss the petition of Nat H. Kristel: (1) That chapter 3 of the Laws of 1945 (Commercial Rent Law) and acts amendatory thereof are applicable to the premises in question and the parties concerned therewith.

(2) The consent of the tenants contained in the stipulation of February 4, 1946, to the entry of the final order herein is void and of no effect under the provisions of said emergency rent laws.

(3) That the landlords and the petitioner Kristel do not bring themselves within the exceptions to removal of tenants as provided for in said emergency rent laws, which provisions for exceptions to removals must be literally met by those seeking to avail themselves of such exceptions: (a) Recovery of possession of rented property from the tenant thereof must be sought in good faith by the holder or holders of the full legal title for his or their immediate and personal use.

(b) A recovery of the possession of such premises by the several holders of the legal title for the exclusive and personal use of one of the holders of the title is not in compliance with the said emergency rent laws, for the Legislature, in authorizing such recovery, meant for the immediate and personal use of either a single owner or in the cases of co-ownership, the use of all and not for the use of one of them.

(c) A landlord or person who seeks to recover possession of rented premises for his own immediate and personal use must show that he either owned or acquired an enforcible right to buy or take possession of the building or other rental area prior to January 24, 1945, or acquired title to the building or other rental area subsequent to January 24, 1945. Kristel does not meet either of these requirements, as he had no interest whatsoever in the premises prior to January 24, 1945, and has acquired no " title " subsequent to that date, but merely acquired an eight-fifteenths interest in the fee as a co-owner or tenant in common.

(d) The right to recover possession under the exceptions to removal of tenants set forth in the emergency rent laws is a

personal one and cannot be assigned or given to another who does not meet with the requirements of those laws. It can be used only by the full legal title holder or holders and cannot be asserted on behalf of a part owner.

(4) That, since there has been an obvious change in the ownership of the premises since the summary proceedings were instituted and the final order entered by which the landlords named in the petition herein no longer hold title to the premises (the discharge of Klein as substituted committee and restoration of the property to de Stuers with subsequent payment of rent to Kristel and de Stuers) the entire proceeding should fail and the petition be dismissed as Klein is now a complete stranger to the " premises ".

(5) That there is a complete lack of good faith on the part of Kristel in seeking the possession of the premises for his own immediate and personal use as prior to the institution of these proceedings there was space available in this building occupied by the tenants which Kristel could have occupied but he and his co-owner rented such space to another occupant of the " premises ". Further, Kristel is seeking to recover possession of other space in this same building by dispossessing other tenants therein, in addition to dispossessing tenants in another building in which he has an interest. All this is over and above the store space now occupied by him in this same building and loft space in the immediate vicinity thereof, all of which is sufficient for his present business needs.

(6) That the tenants, if forced to vacate premises which they have occupied over a period of many years, would incur irreparable injury to their business and posisbly be forced to discontinue business. That to permit the expansion of one man's business to the extinction of the business of others is against all principles of public policy and should not be allowed by the courts but condemned as an act of bad faith.

The landlord Nat H. Kristel, of course, vigorously resists the contentions of the tenants by claiming that the stipulation of the parties is valid and binding on all parties thereto, as all these issues were known and properly assertable by the tenants at the time they agreed, upon the advice and guidance of their own counsel, to the terms of the stipulation. It is not denied that Kristel has an equity in the property of not less than 25% of the purchase price nor that he possesses an interest of not less than 50% in the business which he proposes to carry on in the " premises ". He further contends that he is a " person " who acquired " title " to the building subsequent to January

24, 1945, and as the allegations of the petition were prima facie sufficient to confer jurisdiction upon this court to entertain proceedings, the final order should not now be disturbed and the tenants be relieved of their stipulation.

The facts of the case and the contentions of the parties have been set forth at great length herein for the reason that they illustrate to a marked degree the desperate situations and problems which are presently existing and progressively growing worse in landlord-and-tenant relationships. The courts are petitioned daily to give relief from stipulations once validly and knowingly entered into and from which benefits have been received by the tenants, often far beyond what the statutes or the courts could give. Novel constructions of statutory language and new but often superficial interpretations of long-established principles of law have been forcibly advanced as the grounds for relief from these stipulations to such an extent as to make the former acceptable and preferred practice of disposing of litigation by the stipulations and consent of the parties almost a vain and idle procedure. It is in support of this thought that I have gone into such detail of the facts and the contentions of the parties, as well as to enable me to state clearly the basis for the conclusions which I have reached on this application.

The Municipal Court has jurisdiction under the provisions of subdivision 3 of section 6 of the New York City Municipal Court Code (L. 1915, ch. 279, as amd.) to make a final order in a summary proceeding upon the consent of the parties without taking proof. (*Tully* v. *Reclamation and Building Corp.*, 241 App. Div. 742; *Dalerose Realty Corp.* v. *Kleinberg*, 116 Misc. 603.) Upon the filing of the stipulation for final order and for judgment, there is nothing for the court to determine in its judicial capacity, and all that remains is the routine task of clerical formalities respecting the entry of the final order and judgment. The omission to perform this duty is curable at any time by order *nunc pro tunc*. (*Tully* v. *Reclamation and Building Corp.*, *supra*.) However, courts exercise a large control over all proceedings in an action so long as the action is pending, and the parties can be restored to their original positions; and in the exercise of their discretion, courts may relieve litigants from stipulations entered into during the pendency of the case, on motion in the action, when such stipulations were either unadvisedly or inadvertently signed, or when the circumstances reveal that the stipulation should not be upheld, in order to promote justice and prevent wrong. (*Yonkers Fur Dressing Co.* v. *Royal Ins. Co.*, 247 N. Y. 435, 445.) Until the warrant to dispossess is actually

issued a summary proceeding is pending before the court (*Taus-zig* v. *Kantor,* 115 Misc. 366, 372), and thus, the stipulation herein, not being one which terminated the proceeding and executed a new agreement, is subject to review and so is any order of this court made on motion in the proceeding. (*Yonkers Fur Dressing Co.* v. *Royal Ins. Co., supra.*)

While it is true that parties to any legal proceeding may stipulate away statutory and even constitutional rights, and may in many ways, by their stipulations make the law for any legal proceeding which not only binds them as parties but which also the courts are bound to enforce (*Matter of Malloy,* 278 N. Y. 429, 433; *Mann* v. *Simpson & Co.,* 286 N. Y. 450, 459), the consent or stipulation of the parties to a legal proceeding cannot confer a jurisdiction of the subject matter upon the court where the court has only such power as is conferred by statute. (*Robinson* v. *Oceanic Steam Nav. Co.,* 112 N. Y. 315, 324; *Matter of Malloy, supra,* p. 434; *Gilroy* v. *Becker,* 186 Misc. 93, and cases cited therein.) Though the allegations of a petition may be sufficient prima facie to confer jurisdiction upon the court to entertain the proceedings and to make a final order upon the consent of the parties (*Matter of City of Albany* v. *Assrs., Town of Coeymans,* 253 App. Div. 436, 439; *Ellenbogen* v. *Caldwell,* 270 App. Div. 946; *Gilroy* v. *Becker, supra*), such allegations cannot survive proof that the court in fact had no jurisdiction of the subject matter. (*Matter of City of Albany* v. *Assrs., Town of Coeymans, supra.*) The objection to the jurisdiction in such case may be taken at any stage of the proceeding, and the court may, at any time when its attention is called to the facts, on its own motion refuse to proceed further and dismiss the proceeding. (*Robinson* v. *Oceanic Steam Nav. Co., supra,* p. 324; *Gilroy* v. *Becker, supra.*) The only exception to this general rule that lack of jurisdiction to render a judgment or determination may be asserted at any time is where jurisdiction depends upon a question of fact. If that be litigated and determined, then the question is settled by the judgment, which becomes final and conclusive, unless reversed on appeal therefrom. (*Matter of Doey* v. *Howland Co.,* 224 N. Y. 30, 38; *O'Donoghue* v. *Boies,* 159 N. Y. 87, 99.)

The foregoing are the principles of law which must be considered in disposing of the arguments of the parties to this application for vacating an apparently valid final order of this court made upon the stipulation of the parties who had full knowledge of all the facts and the defenses available. The Municipal Court has jurisdiction over summary proceedings to

recover possession of real property, the petition filed herein was prima facie sufficient to confer jurisdiction on it over the parties to and the subject matter of the summary proceedings still pending before it, and it was empowered to make the final order in question upon the stipulation of the parties without taking proof of the allegations of the petition. Unless a lack of jurisdiction in the Municipal Court to make the final order in question by failure on the part of the petitioner to meet the statutory requirements of the emergency rent laws is now clearly shown, the stipulation of the parties is binding on the court as well as the parties, and it makes the law on questions of fact which were open to dispute at the time the precept was returnable. If no lack of jurisdiction is proved, then under all the circumstances of the case, it cannot be said that the tenants herein have been damaged by any fraud or overreaching on the part of the petitioner, nor can it be said that the tenants' consent, made upon advice of counsel after much negotiation and with full knowledge of all the issues and from which consent the tenants derived a benefit far in excess of the court's statutory power to give in the event the tenants were unsuccessful on a trial, constituted a waiver which would be void and unenforcible as a matter of public policy for being inconsistent with the provisions of the emergency rent laws.

One of the grounds on which the tenants seek to void their stipulation and have the proceedings dismissed is that it would be against all principles of public policy to permit Kristel, the petitioner herein, to oust the tenants so that he may expand his business to the extinction of another's business as will happen to these tenants if they are forced out of their possession of many years. This argument strikes a responsive chord in me, for on March 29, 1946, in the case of *Wasserstein* v. *Aronowitz & Sons,* I disapproved of " expansion at the expense of extinction." However, the Appellate Term, First Department, on June 28, 1946 (63 N. Y. S. 2d 549), reversed the final order made in favor of the tenant and granted a final order in favor of the landlord. This being the present state of the law on that question, this argument, no matter how much it appeals to one's sense of equity and justice, avails the tenants nothing as the Legislature has as yet shown no intention to restrict the rights of owners and landlords to recover rented space purely for expansion of the owner's or landlord's business. (See, also, *Coyne* v. *Silvers,* 187 Misc. 357, affd. 271 App. Div. 777; *Kruger* v. *Graubard,* 188 Misc. 82.)

The tenants further contend that since there has been an obvious change in the ownership of the premises by which Klein, one of the landlords originally named in the petition, has become a complete stranger to the premises through his discharge as committee and the return of the property to Hubert de Stuers with the payment of rent thereafter down to the present time to Kristel and de Stuers as landlords, the entire proceeding should fall and the tenants be relieved of their stipulation. This is a highly technical ground upon which to cancel and vacate a final order made without any other claimed error in the proceedings prior to its entry. The change in ownership was a purely nominal one, and diligent research has failed to uncover any ruling that a committee of an incompetent and the incompetent may not, as a legal fiction, be regarded as one and the same person. However that may be, it has been held that a purchaser from a landlord who has recovered a final order in a summary proceeding succeeds to all the rights of such landlord obtained by entry of the final order by virtue of the provisions of section 223 of the Real Property Law. (*Home Owners' Loan Corp.* v. *McShane,* 184 Misc. 579.) If that is so in the case of the purchaser, then it is much more so in the case of an original owner who receives back his property held by another during his incapacity. Further, a special proceeding does not abate in any event if the right to relief sought in such proceeding survives and continues. (Civ. Prac. Act, § 82.) The relief sought in this summary proceeding is the recovery of the premises in question for the use of Kristel, the other owner and tenant in common, and not for the use of Klein, the committee of the other owner and tenant in common; that this right of Kristel as a tenant in common to recover the premises for his own use still continues and survives such change in ownership will be shown later in this opinion.

The tenants' next argument to vacate the final order and to dismiss the proceedings is that the landlords named in the petition herein did not in " good faith " seek recovery of the possession of the premises for their immediate and personal use, but instead sought recovery of possession for the use of a person who does not qualify for such recovery under the provisions of the emergency rent laws. They further argue that this " good faith " condition is an express provision of these emergency rent laws which must be established by the petitioner in order to entitle him to recovery under the law and thus, the tenants' stipulation is not binding on them, as it is void and of no force and effect since a " waiver of any of the provisions of this act

shall be unenforceable and void." (L. 1945, ch. 315, § 12.) This question of " good faith " has been a particularly vexatious one on the trial of this type of summary proceeding and becomes doubly so when called into question after a stipulation such as is now before me has been entered into by the parties. The question of " good faith " is at all times a question of fact to be decided by the trial court, and the burden of proof on the issue of good faith must .be sustained by the landlord. (*Hamblein, Inc.*, v. *Technical Precision Corp.*, 269 App. Div. 1029.) What may be necessary to establish such " good faith " is a question which cannot be decided here for that depends on the facts of each particular case; but whatever proof is necessary is within the issues to be decided by the trial court, and the question is not a jurisdictional fact in the first instance, other than if the trial court were to find a lack of " good faith " on the part of the petitioner, it would not be empowered to make a final order in his favor. Thus, the question of " good faith " being a question of fact embraced within the issues of this proceeding, the stipulation of the parties made the law of the case to be that the petitioner was seeking recovery of possession in " good faith ", and the court cannot now go behind that stipulation (*Matter of Malloy*, 278 N. Y. 429, *supra; Mann* v. *Simpson & Co.*, 286 N. Y. 450, *supra*); and the question of fact having been thus determined, the question of the jurisdiction of the court to make the final order on that point cannot now be raised. (*Matter of Doey* v. *Howland Co.*, 224 N. Y. 30, *supra; O'Donoghue* v. *Boies*, 159 N. Y. 87, *supra*.) Besides, the tenants offer no proof that there is a lack of good faith on the part of the petitioner that he desires to occupy the premises for his own immediate and personal use other than statements to the effect that Kristel presently has sufficient space for his present business purposes, and yet intends to dispossess other tenants as well as these tenants. A person seeking the recovery of possession of rented space pursuant to subdivision (d) of section 8 of the Emergency Rent Laws is not required, as part of his " good faith ", to establish a necessity for the particular premises but merely that in good faith he seeks recovery of their possession for his immediate and personal use. (*Kruger* v. *Graubard*, 188 Misc. 82, *supra*.) The petition filed in this proceeding contained allegations which, prima facie, were in such form as is required by the provisions of section 1415 of the Civil Practice Act and chapter 3 of the Laws of 1945 and acts amendatory thereof. True it is that they read as if both the landlords desired possession for their immediate and personal use, but the petition itself was

made by Kristel and the " wherefore " clause asked for a final order awarding possession to him. The tenants knew that it was he alone who sought possession, and they cannot at this time disclaim to the contrary. If Kristel had established on the trial a right to recover the possession of the premises in question in his own name and for his own immediate and personal use, which right he did have as I will endeavor to show, the pleadings could have been amended on his motion to conform to the proof (*Greenbaum* v. *Lipshitz*, N. Y. L. J., Dec. 21, 1946, p. 1845, col. 2), and therefore, there could be no question of the court's power to make the final order, all other points aside. The petitioner, by his reliance upon the stipulation knowingly entered into between the parties, has been deprived of this right to prove his claim to recovery of possession of the premises in question at the time the precept was returnable, and cannot now be restored to that status of a year ago. The tenants have derived a benefit which was made possible only by that stipulation entered into with full knowledge of all the facts and issues pertaining to the situation of the parties. To relieve them now of its terms would be to perpetrate a fraud upon the petitioner and upon the court. Unless some jurisdictional defect in the proceedings may yet be clearly shown, it cannot be held, under the circumstances so far shown, that the consent of the tenants contained in their stipulation is a waiver prohibited by section 12 of chapter 315 of the Laws of 1945. (*Ellenbogen* v. *Caldwell*, 270 App. Div. 946, *supra*.)

In support of their contention that there was no jurisdiction in the Municipal Court to make a final order in this summary proceeding, the tenants advance as their main point, two propositions: the first, that subdivision (d) of section 8 of chapter 3 of the Laws of 1945 (as amd. by L. 1945, ch. 315, and by L. 1946, ch. 272) does not permit the recovery of the possession of commercial space from the tenant thereof by tenants in common and owners of the fee for the immediate and personal use of one of the tenants in common, even though he may qualify in all other respects under the act; and secondly, that Kristel, as purchaser of an eight-fifteenths interest in the fee is not such " a person who *acquires title* to the building   *   *   * subsequent to January twenty-fourth, nineteen hundred forty-five " and therefore is not entitled to seek relief under the provisions of subdivision (d) of section 8 of the Act. If these propositions advanced by the tenants were to be sustained and tenants in common as owners of the fee, either as individuals or as an entity seeking the recovery of the possession of com-

mercial space in good faith for the immediate and personal use of the individual cotenant who has all the other necessary qualifications, denied relief from the restrictions on removal of tenants placed against owners of real property on the ground that he or they did not come within the purview of the provisions of subdivision (d) of section 8 of the Emergency Rent Laws, then clearly this proceeding would come within the theory of *Gilroy* v. *Becker* (186 Misc. 93, *supra*). In such case, the final order would have to be vacated and the proceedings dismissed, for the tenants' consent to its making would be void and of no force and effect as it would constitute an illegal waiver under section 12 of the Act. However, since there has been no case presented to me, nor have I been able to find one after much research, holding that such tenant or tenants in common as owners of the fee are without the purview of the provisions of the emergency rent laws, I believe it necessary to review some of the common-law principles of the status and rights of tenants in common of the fee in order to reach a valid conclusion on this question.

Tenancies in common were well known in the common law though not as favored as joint tenancies; but today, they are favored over joint tenancies, for " Every estate granted or devised to two or more persons *in their own right* shall be a tenancy in common, unless expressly declared to be in joint tenancy * * *." (Real Property Law, § 66.) (Italics supplied.) The common-law doctrine favorable to joint tenancy was abrogated by statute because the public policy was to encourage the distribution of land among people with title separate and distinct in each unencumbered by the right of survivorship. (*Overheiser* v. *Lackey,* 207 N. Y. 229, 232, 236.)

The term " ownership in land " involves the idea of rights in some particular person or persons to use the land according to his or their pleasure. Under this concept, one does not own the land but rather an estate in the land, that is, the rights of possession, present and future. (1 Tiffany on Real Property [3d ed.], § 2.) By section 30 of the Real Property Law, estates in real property are divided into estates of inheritance, estates for years, estates at will, and by sufferance. Estates, *in respect to the number and connection of their owners,* are divided into estates in severalty, in joint tenancy and in common. (Real Property Law, § 65.) Under section 31 of the same Law an estate of inheritance continues to be termed a fee simple or fee; and " The fee is the greatest interest that can be granted in real estate. It includes title, the right of possession and the

right to use for any purpose which may be lawful." (*Matter of Brookfield*, 176 N. Y. 138, 146.) Title to real estate is generally defined to be the means whereby the owner of land has the just possession of his property. (*Heiferman* v. *Scholder*, 134 App. Div. 579, 584; Bouvier Law Dictionary; Black's Law Dictionary [3d ed.].)

" While, as a general rule, land or estates therein are held by one person in severalty, that is, in his own right only, without any other person being joined or connected with him in the ownership, this is not necessarily the case, and two or more persons may have undivided interests in the land * * *." (2 Tiffany on Real Property, § 417.) Tenancies in common are characterized by unity of possession, the only unity which exists in all forms of co-ownership, as there is no necessity for unity of interest or title. A tenant in common, though owner of an undivided share only in the land, differs from a joint tenant in having *a several and distinct estate therein*, and, except for the fact that he has not the exclusive possession, *he has the same rights in respect to his share as a tenant in severalty.* Each tenant in common holds his title and interest independently of the other tenants in common. (2 Tiffany on Real Property, § 426; *Le Vee* v. *Le Vee*, 93 Ore. 370; *Tilton* v. *Vail*, 42 Hun 638, 640; *Chittenden* v. *Gates*, 18 App. Div. 169, 172; *Manhattan Real Estate Assn.* v. *Cudlipp*, 80 App. Div. 532, 535.) The title of a tenant in common gives him an immediate right of possession unless restricted by some encumbrance (*Barson* v. *Mulligan*, 191 N. Y. 306, 325; *McKay* v. *Mumford*, 10 Wend. 351; *Berger* v. *Horsfield*, 188 App. Div. 649, 652); and the fact that one tenant in common is in full possession of the whole estate does no harm to another, each being seized of each and every part of the land, and has a right of enjoyment of it, so long as he does not hold the other tenant out or deprive him of the occupation of the estate. (*Austin* v. *Ahearne*, 61 N. Y. 6, 14; *Valentine* v. *Healey*, 178 N. Y. 391, 396.)

A tenant in common may, in his own name and right, maintain an action in ejectment to recover possession of the real property owned by the tenancy in common without uniting his cotenants as plaintiffs in the action. (Civ. Prac. Act, § 993.) This section has been held to be declarative of the substantive law upon the subject of a person's right to recover the possession of an undivided share in real property to which he is lawfully entitled; its purpose is fulfilled when it appears, prima facie, that the tenant suing has a legal title to an undivided interest in premises entitling him to the possession of the premises, possession of

which is withheld by the defendant. (*Deering* v. *Reilly*, 167 N. Y. 184, 190.) It also has been held that a tenant in common has the right to maintain summary proceedings under article 83 of the Civil Practice Act (§ 1410 *et seq.*) to recover the possession of real property owned by the tenancy in common from a tenant holding over after the expiration of his term under a written lease, although the lease was purported to have been renewed by an instrument executed by the other tenant in common. (*Matter of Hungerford* v. *Smith,* 268 App. Div. 949.) This decision was rendered over the express contention that the proceeding could not be maintained in the name of one owner only. (See *Smith* v. *Dairymen's League Co-op. Assn.,* 186 Misc. 82, 83.) The conventional relationship of landlord and tenant necessary to maintain holdover summary proceedings is present in the case of a tenant in common of the fee who receives a grant of leased real property from his predecessor in title who had executed the lease. (Real Property Law, § 223; *Stogop Realty Co., Inc.,* v. *Marie Antoinette Hotel Co.,* 217 App. Div. 555, 560; *Costagliola* v. *Home Owners' Loan Corporation,* 35 F. Supp. 930.)

It is in the light of the foregoing principles of the common law and statutory law that I must consider the tenants' plea for a liberal construction of the provisions of subdivision (d) of section 8 of the Emergency Rent Laws by which this court would hold that the " landlord " or " person " entitled to seek the recovery of rented premises for " his immediate and personal use " is either an individual owner of an *absolute title* to the fee seeking recovery for his own use or a co-ownership acting as an entity and seeking recovery for their own use as an entity. It is the further argument of the tenants that these emergency rent laws were enacted " to protect tenants in possession at the time the act became effective and must be liberally construed in their favor ", quoting the words of this court in *Blitzkrieg Amuse. Corp.* v. *Rubenstein Bros. Drinks* (184 Misc. 975, 980). This the courts have done consistently even at the expense of straining for a construction in the tenants' favor. While emergency legislation should be liberally construed so as to effectuate the intention of the Legislature (*Sissias* v. *Perlmutter,* 184 Misc. 174; *Rosen* v. *370 West 35 St. Corp.,* 184 Misc. 172), it also should not be construed so as to raise any grave doubt as to its validity and constitutionality. In performing this judicial function of statutory construction, it is necessary to read the statute in its entirety to determine whether it accomplishes the purpose for which it was enacted. (*Kuperschmid* v. *Globe Brief Case*

*Corp.,* 185 Misc. 748, 752.) On this point, the words of ELLIOTT, J., in *Humphries* v. *Davis* (100 Ind. 274, 284) are singularly pertinent when he says: '' It is not to be expected that a statute which takes its place in a general system of jurisprudence shall be so perfect as to require no support from the rules and statutes of the system of which it becomes a part, or so clear in all its terms as to furnish in itself all the light needed for its construction. It is proper to look to other statutes, to the rules of the common law, to the sources from which the statute was derived, to the general principles of equity, to the object of the statute, and to the condition of affairs existing when the statute was adopted. * * * Statutes are to be so construed as to make the law one uniform system, not a collection of diverse and disjointed fragments.''

In *Twentieth Century Associates* v. *Waldman* (294 N. Y. 571) the Court of Appeals said that the evils which the Legislature sought to remedy were the exactions of unjust, unreasonable and oppressive agreements for the payment of rent, with regard to certain types of commercial real property. (See, also, *Matter of Cohen* v. *Starke,* 269 App. Div. 256.) In *Sissias* v. *Perlmutter (supra)* Justice SHIENTAG stated that the statute was designed not to penalize landlords or to favor tenants but to meet an emergency which threatened '' to cause inflation ''. The Appellate Term, First Department, in *Trade Accessories, Inc.,* v. *Bellet* (184 Misc. 962) through HAMMER, J., said at page 965: '' Obviously the statute was not intended as an indictment of all landlords but rather as a remedy against evils which were being indulged in by some and were available for practice by any others who might desire to take advantage of the existing emergency '', and again at pages 966–967 in respect to subdivision (d) of section 8: '' Thus read it is seen that the Legislature had clearly stated its intention. The language used is without ambiguity, indefiniteness or obscurity and must be accepted exactly as it is written. As clearly written the statute must be enforced. * * * Owners of buildings, and those who had enforcible rights to buy or take possession and those also who acquire title to buildings subsequent to the effective date of the act, have additional rights not necessarily involved in such a relationship [of landlord and tenant]. Obviously the Legislature intended to make provision to harmonize its prohibitions in respect of landlords with its consideration of and concern in respect to ownership rights and accomplished that reasonable result in the provisions of subdivisions (c) and (d) of section 8.''

These emergency rent laws are obviously a stricture on the common-law rights of owners to recover the possession of real property for their own use, and therefore, must be strictly construed as to what the Legislature intended as a restriction upon those rights, for the Legislature may not be presumed to make any innovation upon the common law further than is required by the mischief to be remedied. (*Dean* v. *M. E. R. Co.*, 119 N. Y. 540; *Matter of McGrath* [*Bass*], 186 Misc. 27.) To give the narrow construction that the tenants argue for to " a landlord " or " a person " mentioned in subdivision (d) of section 8 would be an unwarranted restriction of the common-law rights of owners of real property in the light of the purpose for which the legislation was enacted, constituting such an unauthorized discrimination between owners of real property as to amount to a denial of the equal protection of the laws to Kristel. (See dissenting opinion of EDER, J., in *Trade Accessories, Inc.*, v. *Bellet, supra*). I cannot see how the right of recovery of possession of the premises in question in Kristel can be denied without overturning the settled rules of law regulating the ownership of property by tenants in common, but if they are to be excluded from the provisions of subdivision (d) of section 8, the process of exclusion is a legislative one to be stated in clear and unequivocal language and not to be had as a result of judicial construction.

Under the principles of law above stated, I believe the following are valid conclusions of law: (1) A tenant in common of the fee is an owner of real property, having a legal estate therein.

(2) A tenant in common of the fee has a title in the fee, separate and distinct from that of his cotenants with only a unity of possession between them.

(3) A tenant in common of the fee has a right of possession exclusive against all other persons, except as to his cotenants or as to any incumbrances placed on it by the tenancy in common.

(4) One tenant in common may maintain summary proceedings to evict a lessee of the tenancy in common who is holding over, even though his cotenant did not unite in the summary proceeding with him, but instead may have given or expressed a desire to give a new lease to the holdover tenant.

(5) Under the provisions of subdivision (d) of section 8 of the Emergency Rent Laws, a tenant in common of the fee could be a " landlord [who] owned or acquired an enforceable right to buy or take possession of the building or other rental area on or before January twenty-fourth, nineteen hundred forty-

five ", and thus would be entitled to maintain summary proceedings in his own name or in the name of the cotenancy to recover possession of the premises for his immediate and personal use, provided he could establish that he met the other requirements of the subdivision; or he could be " a person who acquires title to the building or other rental area subsequent to January twenty-fourth, nineteen hundred forty-five," and thus be entitled also to maintain summary proceedings in the same manner and under the same conditions as stated above.*

Nothing said by this court in *Blitzkrieg Amuse. Corp.* v. *Rubenstein Bros. Drinks* (184 Misc. 975, *supra*) or in *Straus-Duparquet, Inc.,* v. *Moglen* (185 Misc. 657) is contrary to those conclusions, for when the term " full legal title " was used in those cases, it was used in contradistinction to beneficial title or lease title and not as meaning " absolute title "; nor is *Mueller* v. *Gittleson* (186 Misc. 257) to the contrary, for while the court there mentioned facts tending to refute some of these conclusions, its decision was predicated upon an entirely different ground. The case of *Robinson* v. *Collins* (187 Misc. 359), decided by the Appellate Term, First Department, on April 25, 1946, holds that the owner of a fractional interest in the premises is not " the landlord " within the meaning of the Office of Price Administration regulation, but that case is distinguishable, not alone upon the grounds that different regulations are involved, but also, upon the ground that the petitioner had only a one-eighth interest in the premises acquired under a will. It may be of further interest on that point to state that the Office of Price Administration has issued its certificate permitting the recovery of possession of dwelling premises owned by three tenants in common for the use of one of the tenants in common where that tenant in common had a 20% equity in the purchase price. (See *Muller* v. *Goya,* Municipal Court, Borough of Manhattan, Feb. 11, 1947, LAZARUS, J.)

Therefore, with respect to this motion of the tenants to vacate the final order herein and to dismiss the proceedings, the petitioner Kristel having the right to recover possession of the premises in question and to maintain summary proceedings therefor, there being no issue as to his equity in the premises nor as to his interest in the business which he intends to conduct on the premises, the Municipal Court having jurisdiction to entertain these proceedings and to make its final order upon the stipulation of the parties without taking any proof and the

---

* See, also, *Slade* v. *Hornick Co.,* 188 Misc. 455.— [REP.

stipulation of the tenants, entered into with full knowledge on the part of the tenants of the factual issues involved, and from which stipulation the tenants have derived a substantial benefit, having made the law of the case as to whatever questions of fact were involved within the issues, and the tenants having failed to show that there was a lack of jurisdiction in the Municipal Court to make and enforce its final order, the stipulation cannot be considered an illegal waiver of any of the provisions of the emergency rent laws, and accordingly, the motion of the tenants to vacate the final order and to dismiss the proceedings or, in the alternative, to restore it to trial, is denied in all respects.