DAVID ALPERT et al., Plaintiffs, *v.* HILKER, HARRIS & HORRAX, INC., et al., Defendants.

Supreme Court, Special Term, New York County, April 20, 1948.

*Alpert & Sherman* for plaintiffs.

*Manne & Ross* for defendants.

MILLER, J. Section 2 of the Commercial Rent Law (L. 1945, ch. 3, as amd.) provides that the emergency rent shall be the rent on March 1, 1943, plus 15% thereof. Where commercial space was not used or occupied on March 1, 1943, for commercial purposes, the section declares that the emergency rent shall be the reasonable rent therefor as of that date plus 15% thereof, to be fixed by agreement, by arbitration or by the Supreme Court upon the basis of the rent charged on such date for the most nearly comparable commercial space in the same building or other rental area or other satisfactory evidence.

Section 4 of the same statute provides that a rent in excess of the emergency rent may be fixed by arbitration or by the Supreme Court on a showing that the emergency rent is less than the reasonable rent, based upon the fair rental value of the tenant's commercial space as of the date of the submission to arbitration or the application to the Supreme Court. In such event the rent to be fixed is to be a reasonable rent based upon such fair rental value. The section further provides that in lieu of fixing such reasonable rent by arbitration or by the Supreme Court, the tenant and landlord may enter into a written agreement fixing a reasonable rent, provided that the tenant used the same space on January 24, 1945, provided further that the agreement state the amount of the emergency rent and that the landlord had advised the tenant of his right to continue paying the emergency rent until modified by arbitration or by the Supreme Court, and provided further that the agreement contain a statement that the tenant within sixty days after its effective date could cancel the same by notice to the landlord.

The plaintiffs and the defendants in the present action seek a declaratory judgment to the effect that they may enter validly into a lease at $3,500 per annum per floor, although the emergency rent for the floor occupied by one of the defendants was fixed by this court in March, 1946, at $1,900 per annum, and although there is no showing whatsoever as to what the emergency rent of the premises occupied by the other defendant amounts to. There is an allegation in the complaint that a rental commensurate with present market value "has been appraised at $3,500.00 per annum per floor." It may be that in a judicial proceeding under section 4, or in an arbitration under that section, the plaintiff would succeed in having the rent fixed at $3,500 per annum as the fair rental value as of the date of

the application to the Supreme Court or the submission to arbitration. The present action, however, does not seek to have the court fix the fair and reasonable rental pursuant to section 4. It merely asks for a declaratory judgment that the plaintiffs are free to enter into a lease with defendants " under such terms, rental and conditions as the plaintiffs and the defendant may agree upon ". Since no application to the Supreme Court for submission to arbitration has been or is being made pursuant to section 4, the only manner in which the parties could legally agree upon a rental in excess of the emergency rental is by entering into an agreement embodying the terms prescribed in section 4. No such agreement has been entered into and apparently no such agreement is contemplated. The apparent purpose of the present action is to obtain a judgment which would prevent the defendants from exercising the right given them by section 4 to cancel the agreement for a reasonable rental in excess of the emergency rental within sixty days after the effective date of the agreement. In other words, this court is being resorted to for the purpose of circumventing the Commercial Rent Law, notwithstanding the provision of section 12 of that law that " Any waiver of any of the provisions of this act shall be unenforceable and void." The court will obviously not lend itself to any arrangement between the parties which contemplates the fixation of rent in a manner other than those specified in the statute, particularly in the light of the fact that the statute expressly declares any waiver of its provisions shall be unenforcible and void (see *Gilroy* v. *Becker,* 186 Misc. 93).

The motion for judgment on the pleadings declaring the rights of the parties is granted only to the extent of declaring that any agreement between them fixing rent in excess of the emergency rent of the premises shall be valid only if entered into in conformity with the provisions of section 4. In other respects the motion is denied. Settle order.