CAMP FIRE GIRLS, INC., Landlord, *v.* GUSTAV B. JENSEN, Tenant.

Municipal Court of the City of New York, Borough of Manhattan, May 28, 1951.

*Kenneth M. La Vine* and *Roger B. Prehn* for landlord.

*James Maxwell Fassett* and *Robert H. Peterson* for tenant.

GENUNG, J. This holdover proceeding was instituted by the landlord to obtain possession of only part of the space leased to the tenant, to wit, the front room studio on the seventh floor of the building at 16 East 48th Street, New York City, pursuant to subdivision (j) of section 8 of the Business Rent Law (L.

1945, ch. 314, as amd.). The petitioner alleges that it is a corporation " organized exclusively for religious, charitable, health, hospital, educational or scientific purposes &ast; &ast; &ast; and not for any pecuniary profit for itself or any officer, member or employee thereof &ast; &ast; &ast; and seeks in good faith to recover possession for the immediate and personal use of themselves ".

The building was purchased by the landlord on June 30, 1947, and at the time of the institution of these proceedings, it had an equity of at least 25% in the purchase price of the building. The lease with the tenant for the entire seventh floor expired on September 30, 1950, and since that time the tenant has been on statutory basis. The lease provides " Tenant shall use and occupy demised premises for an office studio and as incidental thereto a residence for himself and his wife." Simultaneously with the execution of the lease, the parties entered into a reasonable rent agreement pursuant to subdivision (c) of section 2 of the Business Rent Law of the State of New York (L. 1945, ch. 314, as amd.) fixing the emergency rent at the rate of $1,800 per annum. The tenant occupies the entire premises for both business and residential purposes. The demised premises have two separate and distinct means of ingress and egress.

The landlord predicates its right to possession of that portion of the demised premises used for business purposes pursuant to the emergency rent control laws and an opinion issued by the State Rent Administrator on July 1, 1950.

Subdivision (a) of section 2 of the Business Rent Law (L. 1945, ch. 314, as amd.) defines " business space " as " All rental space in any city other than (1) commercial space as defined in chapter three of the laws of nineteen hundred forty-five, or any act amendatory thereof; (2) dwelling space and meeting rooms in hotels, and dwelling space in rooming houses, apartment houses, dwelling and other housing accommodations ", thus excluding dwelling space as controlled business space.

Section 2 of the State Residential Rent Law (L. 1946, ch. 274, as amd. by L. 1950, ch. 250, and L. 1951, ch. 443) defines housing accommodations as " Any building or structure, permanent or temporary, or any part thereof, occupied or intended to be occupied by one or more individuals as a residence, home, sleeping place, boarding house, lodging house or hotel, together with the land and buildings appurtenant thereto, and all services, privileges, furnishings, furniture and facilities supplied in connection with the occupation thereof ". " Housing accommodations " is similarly defined in the Rent and Eviction Regulations of the Temporary State Housing Rent Commission.

The Administrator's published opinion of July 1, 1950, applicable to the issues in the instant case, is as follows:

" No. 33 Section 8 — * * * Where the business and dwelling portions are rented to a single tenant but are separable from each other, only the dwelling portion is subject to the Regulations. An apportionment of rent to the dwelling portion must be made in order to establish the maximum rent. Such apportionment must be fair and reasonable. The landlord may, in the first instance, make such apportionment which will be subject to review by the Local Rent Administrator under Section 36 of the Regulations. Where the landlord has not made any apportionment, the Local Rent Administrator may do so on application of the tenant or on his own initiative under Section 36. The business and dwelling portions are clearly separable where they are in separate structures. Where both portions are in the same structure they are separable if the following conditions exist: (1) There are separate means of access; *and* (2) The business and dwelling portions are each usable for their respective purposes without access to the other portion; *and* (3) The dwelling portion is, or can readily be, completely shut off from the business portion. Where premises do not in some particular respect comply with the test of separability just stated, they may nevertheless be found separable if it is very clear that, in accordance with the standards and practices of the community, it is feasible for the tenant to occupy the dwelling portion while the business portion is used by some other person."

The rule was the same under the Federal rent laws. See opinion, Federal Housing Expediter C-9 O. P. A. *"Interpretation 1 (a) (I) Structures in Which Business and Dwelling Uses are Combined."*

The tenant urges the petition should be denied, first because there has been no proof as to the landlord's actual need for the space, and second, because the business use cannot be separated from the housing use, the same space being used for both purposes.

There is no merit to either of these contentions since in the Business Rent Law there is no requirement that the landlord prove " immediate compelling necessity " in order that it may obtain possession. All it need show is that it intends to occupy the premises in good faith for its own immediate and personal use. (*Kristel* v. *Steinberg,* 188 Misc. 500; *Simpson & Co.* v. *Ronald-Leeds, Inc.,* 68 N. Y. S. 2d 628; *Kruger* v. *Graubard,* 188 Misc. 82.) The court has taken a view of the premises and it appears that approximately 50% of the space is used for

housing and 50% for business. Since there are two separate means of ingress and egress the space may feasibly be partitioned separating the business use from the dwelling use. The difficulty with the landlord's position is, however, that this court in exercising its judicial function, may not grant a final order to a landlord for only part of the demised space leaving the tenant in possession of that portion of the space used for dwelling purposes where the original demise was for the entire seventh floor. (*Morse & Grossman, Inc.,* v. *Acker & Co.,* 297 N. Y. 304.) The State Rent Administrator, however, coextensive with the authority vested in him pursuant to the State Residential Rent Law and as expressed in Opinion No. 33 referred to above, may exercise his administrative function by partitioning the demised space, and at the same time may fix a maximum rent for that portion of the demised premises to be used for dwelling purposes. If such is accomplished by an administrative order the court would then have jurisdiction to entertain a new proceeding for possession of the business space.

A final order is, therefore, awarded in favor of the tenant dismissing the petition without prejudice to the landlord's right to take further proceedings before the Temporary State Housing Rent Commission and such other proceedings as it deems desirable consistent with this opinion.