## COSTAGLIOLA et al. v. HOME OWNERS' LOAN CORPORATION.

District Court, S. D. New York.

Oct. 15, 1940.

Sidney Tolmage, of New York City (S. F. Gross, of New York City, of counsel), for plaintiffs.

Mark A. Bogart, of New York City (J. D. Menkes, of New York City of counsel), for defendant.

MOSCOWITZ, District Judge.

This is an action by Josephine Costagliola, wife, and her husband, Joseph Costagliola, to recover for personal injuries received by the wife and for the loss of services sustained by the husband.

In October, 1935, plaintiffs became tenants of an apartment on the top floor of premises 429 Clinton Street, Brooklyn, New York, which is a tenement house or multiple dwelling (occupied by three or more families). The landlord was Louis Massata, who sold and conveyed the premises to the defendant on May 3, 1938. On June 20, 1938, Josephine Costagliola was injured in the dining-room of her apartment and has brought this action to recover for such injuries.

Plaintiff claims that the accident was caused by reason of the negligence of the defendant in not repairing a hole in the dining-room floor, it being claimed that Josephine Costagliola, while walking across the floor, tripped in the hole and was injured.

It is obligatory on the landlord to repair all defective conditions in a multiple dwelling. Section 78 of the Multiple Dwelling Law, McKinney's Consolidated Laws of New York, c. 61-A, provides that "Every multiple dwelling and every part thereof shall be kept in good repair * * *." Section 4, Subdivision 3 of the Multiple Dwelling Law provides: "A 'multiple dwelling' is a dwelling which is either rented, leased, let or hired out, to be occupied, or is occupied as the abode, residence or home of three or more families living independently of each other. * * *"

Section 4, Subdivision 27 of the Multiple Dwelling Law provides: "The word 'shall' is always mandatory and not directory, and denotes that the multiple dwelling shall be maintained in all respects according to the mandate, as long as it continues to be a multiple dwelling."

Section 102 of the Tenement House Law, McKinney's Consolidated Laws of New York, c. 61, provides that "Every tenement house and all the parts thereof shall be kept in good repair, * * *."

The relationship of landlord and tenant having existed between defendant's grantor and plaintiffs, the relationship of landlord and tenant has existed between the plaintiffs, as tenants, and the defendant, as landlord, since the conveyance of the premises to the defendant. Section 248 of the Real Property Law, McKinney's Consolidated Laws of New York, c. 50, provides: "An attornment to a grantee is not requisite to the validity of a conveyance of real property occupied by a tenant * * *."

Section 223 of the Real Property Law provides: "The grantee of leased real property * * * has the same remedies, by entry, action or otherwise, for the non-performance of any agreement contained in the assigned lease for the recovery of rent * * *. A lessee of real property * * * has the same remedy against the lessor, his grantee or assignee, or the representative of either, for the breach of an agreement contained in the lease, that the lessee might have had against his immediate lessor, * * *."

Under the New York law a suit of this character can not be maintained unless it be shown that the defendant land-

lord had actual or constructive notice of the defective condition of the premises. No actual notice was given to the defendant. Plaintiff, upon the trial, attempted to offer proof of actual notice given to the former landlord, Louis Massata, or his agent. Plaintiff claims that notice to the former landlord constitutes constructive notice to the defendant. This is untenable.

Plaintiff knew that the premises were in a defective condition when she moved into the apartment in October, 1935. The accident occurred on the 20th of June, 1938, and the defendant had only acquired the property on May 3, 1938. Plaintiff knew of the change of ownership and that the defendant had acquired the property. Quite aside from the question of her contributory negligence, she was under duty to advise her new landlord of the condition of the premises if its condition was as defective as she claimed. Certainly, notice to the former landlord of the defective condition is not notice to the subsequent landlord, the defendant herein, therefore proof of notice to the former landlord can not be permitted upon the trial of the action.