OPINION OF THE COURT
Marcia J. Sikowitz, J.
Petitioner commenced these two summary holdover proceed *449 ings, L&T index No. 91705/99, against respondent Calexi Rosello, and L&T index No. 91706/99 against respondent Rose Cardona, to recover possession of the subject premises, 199 Jackson Street, apartment No. 1 and apartment No. 2, respectively, in Brooklyn, New York. Both proceedings were initiated by service of separate 30-day notices of termination, dated July 15, 1999, on the identical basis that respondents had no current lease, were neither rent stabilized nor rent controlled, and were month-to-month tenants whose respective tenancies would be terminated as of August 31,1999. Petitioner subsequently served these two instant petitions alleging each respondent was a tenant who entered into possession of their respective apartments under a rental agreement between herself and petitioner’s predecessor. The proceedings are consolidated for decision.
On October 15, 1999, the Honorable Delores Thomas consolidated both the instant proceedings; dismissed respondents’ cross motions seeking dismissal of the petitions based on the argument that there was no existing landlord tenant relationship, and that the proceedings were not brought under the appropriate section of the Real Property Actions and Proceedings Law with leave to renew at trial; and granted petitioner’s motions solely to the extent of striking respondents’ defenses of a lack of personal and subject matter jurisdiction. Both matters were adjourned to November 3, 1999 for trial.
On November 3, 1999, counsel for both parties agreed that in lieu of a trial they would submit papers on the sole legal issue for both proceedings, namely, whether or not respondents in this particular instance have a landlord-tenant relationship with petitioner, and are month-to-month tenants; or have no landlord-tenant relationship with petitioner and are licensees. It is undisputed that respondents are neither rent stabilized nor rent controlled, and have never tendered rent nor use and occupancy to, or executed a lease with, the current petitioner. It is also undisputed that respondents and the petitioner’s predecessor in interest entered into rental agreements for respondents’ respective apartments, and had a landlord-tenant relationship.
Respondents submitted a supplemental affirmation dated November 9, 1999, requesting the instant proceedings be dismissed as no landlord-tenant relationship exists between petitioner and respondents. Respondents assert that as they have never executed a lease with, or paid any rent or use and *450 occupancy to petitioner, they are licensees, not month-to-month tenants. Respondents further assert that as licensees, petitioner should have proceeded with licensee proceedings against them by first serving upon them 10-day notices to quit pursuant to RPAPL 713 (7), rather than the 30-day notices to vacate they received pursuant to Real Property Law § 232-a. Respondents rely in part on an April 26, 1999 unreported Kings County Housing Part case — Francis v Coral (L&T index No. 64963/99), in which the Honorable Jose Rodriquez dismissed a holdover petition after trial as no landlord-tenant relationship was established.
Petitioner subsequently submitted a memorandum of law dated November 15, 1999, in opposition to respondents’ post-trial motion to dismiss, requesting respondents’ motions be denied in their entirety and judgment entered in favor of petitioner forthwith. Petitioner asserts that as respondents enjoyed a landlord-tenant relationship with petitioner’s predecessor in interest, respondents did not lose their possessory interest and therefore cannot be reduced to licensee status merely because the prior landlord sold the building. Petitioner asserts that Francis v Coral (supra) has no binding stare decisis effect on this court’s decision, and also distinguishes it from the facts in the instant proceedings because respondents’ counsel herein has stipulated to evidence of a preexisting landlord-tenant relationship. Petitioner further asserts no other support in case law can be found. Petitioner submits that the respondents received the additional protection of 30-day notices as opposed to the 10-day notices they would have received as licensees.
The common-law principle of attornment, which is the “act or agreement of a tenant accepting one person in the place of another as his landlord,” has been abolished by Real Property Law § 248. (Rasch, New York Landlord and Tenant — Summary Proceedings § 2:3, at 106 [3d ed].) Pursuant to Real Property Law § 248, “An attornment to a grantee is not requisite to the validity of a conveyance of real property occupied by a tenant, or of the rents or profits thereof, or any other interest therein.”
Additionally, Real Property Law § 223 states, “The grantee of leased real property, or of a reversion thereof, or of any rent, the devisee or assignee of the léssor of such a lease, or the heir or personal representative of either of them, has the same remedies, by entry, action or otherwise, for the nonperformance of any agreement contained in the assigned lease for the recovery of rent * * * or for other cause of forfeiture as his grantor or *451 lessor had, or would have had, if the reversion had remained in him.” Thus, as petitioner’s predecessor in interest had a landlord-tenant relationship with respondents, and would have been entitled to institute holdover summary proceedings against them as month-to-month tenants, the petitioner has the same remedies available to it against respondents, and is correct in treating respondents as month-to-month tenants as it has in the instant matters. The petitioner, as purchaser, succeeds “to all the title and rights of the original landlord, becomes the landlord by operation of law, with all the rights and remedies of the original landlord,” creating a conventional relation of landlord and tenant. (Commonwealth Mtge. Co. v De Waltoff, 135 App Div 33, 35 [1st Dept 1909]; see also, Costagliola v Home Owners’ Loan Corp., 35 F Supp 930 [SD NY 1940].) Therefore, petitioner is entitled to the same rights and obligations of the landlord-tenant relationship with respondents as they had with petitioner’s predecessor in interest.
Based upon the foregoing, the court denies respondents’ motions to dismiss both proceedings, and pursuant to the parties’ stipulated agreement to accept the court’s decision on this legal question in lieu of a trial, the petitioner is awarded a final judgment of possession against each of the respondents for their respective apartments. Issuance of the warrants of eviction against each of the respondents is forthwith, and the execution of the warrants is stayed for 10 days.